# TRUSLOW *v*. PUTNAM.

### December, 1864.

Personal property, in the possession of a bailee having a lien thereon, can not be taken from his possession on attachment against the bailor.[*]

William Truslow sued Mervin G. Putnam in the Supreme Court in an action in the nature of replevin, for seven sewing machines, manufactured by one Lester, of whom the plaintiff was agent and factor, and on which plaintiff had a lien for advances and commissions, to an amount beyond the value of the property. Defendant, as constable, levied on the same under an attachment against Lester, and was about removing them when plaintiff replevied them in this action.

Plaintiff held the machines under a written agreement with Lester, the owner, by which plaintiff agreed to act as agent for Lester for the sale of sewing machines made by Lester, and

---

[*]This decision as to the right of the bailee, though conflicting with Stief *v*. Hart, 1 *N. Y.* (1 *Comst.*) 20, and Bakewell *v*. Elsworth, 6 *Hill*, 484, is supported by general principles, and may be regarded as settling the question. The very essence of a lien is the right to hold possession adversely to the general owner of the thing, and the right of an execution creditor is no greater than that of his debtor. This rule, too, harmonizes with the doctrines applied in cases of chattel mortgages. The rule applicable in respect to the interest of copartners, is now settled to the contrary in this state, Smith *v*. Orser, 42 *N. Y.* 432, affirming 43 *Barb.* 187; but it depends on different principles. A partner has no right to retain possession adversely to his copartner, as a lienor has, hence he can not resist the authority of the law to take possession, for the purpose of selling the copartner's interest. See, however, on this point, Marshall *v*. McGregor, 59 *Barb.* 519, Menagh *v*. Whitwell, 52 *N. Y.* 146. The right of a factor having a lien to defeat to that extent an attachment against his principal's property subject to the lien, was recognized in Patterson *v*. Perry, 10 *Abb. Pr.* 82; S. C., 5 *Bosw.* 518. But see Saul *v*. Kruger, 9 *How. Pr.* 569. Consult also Buskirk *v*. Cleveland, 41 *Barb.* 610; Hale *v*. Omaha National Bank, 49 *N. Y.* 626, reversing, 33 *N. Y. Sup. Ct.* (1 *Jones & S.*) 40; McCaffrey *v*. Wooden, 62 *Barb.* 316.

For a recent statute giving a remedy to foreclose liens by action, see 2 *L.* 1869, p. 1785, ch. 738.

to advance to Lester nearly fifty per cent. of the retail price of each as fast as made by Lester and delivered to plaintiff. The rent of the New York store, used as a salesroom, and all other business expenses, were to be paid by plaintiff and charged to Lester, and, on an accounting as to sales, Lester was to receive his living expenses, and the balance was to be paid to his certain creditors until their demands were satisfied, and thereafter to Lester. Plaintiff was to receive six per cent. on the gross amount of sales as his compensation.

Under this agreement, plaintiff hired a store in Saratoga, and employed a clerk as salesman there, and the sign bore the name of Lester only.

On the trial it appeared that the clerk, West, in charge of the store in Saratoga, informed the defendant at the time of the levy that the property belonged to plaintiff, not to Lester. Defendant then asked West what he said at the same time in answer to an inquiry as to whom he acted for while engaged in the shop in the business; but this evidence was excluded by the court.

*The supreme court* held that it must be deemed settled by authority that an agent, consignee, or factor, who has made advances upon the goods of his principal in his possession, may maintain an action if his possession is disturbed by process against his principal or consignor; citing Grosvenor *v.* Phillips, 2 *Hill*, 147; Holbrook *v.* Wright, 26 *Wend.* 169. See also Gilson *v.* Stanton, 9 *N. Y.* (5 *Seld.*) 476; Bank of Rochester *v.* Jones, 4 *N. Y.* (4 *Comst.*) 49; Winter *v.* Coit, 7 *N. Y.* (3 *Seld.*) 288; Dows *v.* Cobb, 12 *Barb.* 310; Brownell *v.* Comley, 3 *Duer*, 9; Adams *v.* Bissell, 28 *Barb.* 382. They held that plaintiff was a factor, not a mere agent. *Story on Ag.* § 34; Evans *v.* Root, 9 *N. Y.* (5 *Seld.*) 186; Marfield *v.* Goodhue, 3 *N. Y.* (3 *Comst.*) 62.

POTTER, J., however, dissented, being of opinion that plaintiff was not a factor but a mere agent, whose possession, as matter of law must be deemed to be the possession of the prinicpal, and that to sanction his claim would be to allow debtors to screen their property from execution by putting it in possession of an agent with a lien, and that even if plaintiff was

deemed a factor, the terms of the factors' act, 3 *R. S.* 5 ed. 76, § 3, excluded his claim by necessary implication, because it declared that a factor with a lien for advances should be deemed owner *so far as to give validity to any contract made by him with a third person for the sale* or disposition of the property for money advanced, &c.

In respect to the admissibility of the evidence of the notice to defendant that plaintiff had a claim to the goods, the majority of the court was of opinion that as plaintiff had put up Lester's name as a sign over the door, it was competent for him to prove this notice, as otherwise he might be deemed concluded by putting up the sign (9 *Cow.* 274), and that the information so given was notice, irrespective of any authority in the person who gave it.

*W. A. Beach,* for defendant, appellant.

*L. B. Pike,* attorney for plaintiff, respondent.

HOGEBOOM, J. [after referring to the facts.]—1. I am inclined to think Lester had a leviable interest in the sewing machines, liable to be sold on execution, but as plaintiff was in possession, having a valid lien thereon, and special property therein, they were not liable to be taken out of plaintiff's possession any more than the goods of a partnership from the possession of the firm, on an execution against an individual partner, hence, that the constable was liable to an action for removing the goods, and for their whole value, if the lien exceeded such value.

2. I am also inclined to think the objection to the attachment (which was overruled at the circuit) can not be considered. The defendant may have other evidence to explain, or account for the apparent defect in the attachment.

3. I think the evidence objected to was properly excluded. West was in charge of the shop, but not to answer unauthorized questions as to who was his principal. Neither Lester nor Truslow put him there for that purpose.

Nor was the evidence similar in principle to that admitted in behalf of the plaintiff. There the sheriff levied on the property

in the shop of which West was in charge, and it was proper to show that West *notified* him at the time, that the property was *Truslow's* and not *Lester's*. It was *a notice* proper to be proven, to show that the constable had information as to the title, and to prevent any pretense of *estoppel* upon Truslow from the silence of his alleged agent when a claim was being made on the property as belonging to Lester.

The judgment should be affirmed.

All the judges concurred, except H. R. SELDEN, J.

Judgment affirmed, with costs.