## REESE v. BAUM.

(Supreme Court, Appellate Division, Fourth Department.  May 5, 1903.)

1. JURY TRIAL—WAIVER.
    Under Code Civ. Proc. § 2990, providing that at the time when an issue of fact is joined either party may demand a jury, and, unless demanded then, it is waived, where the issue joined on the return day is purely fictitious, and on contract, and on a subsequent adjourned day is changed into an entirely new issue in tort, against defendant's objection, he may not be deprived of a jury trial of the new issue on the ground that he waived it by not demanding such trial of the original issue.

2. PLEADING—AMENDMENT—TERMS.
    Under Code Civ. Proc. § 2994, authorizing the court to allow amendment of pleadings if substantial justice will be thereby promoted, it should not allow plaintiff to amend his complaint so as to change the issue from a fictitious one on contract to one in tort, without a condition that defendant may have a jury trial of the issue, if he has waived the right to a jury by not demanding it when the first issue was joined.

Appeal from Jefferson County Court.

Action by William H. Reese against Nellis L. Baum. From a judgment affirming a judgment of the City Court of Watertown for plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

John Conboy, for appellant.
Brown, Carlisle & Hugo, for respondent.

WILLIAMS, J. The judgment of the County Court and City Court should be reversed, with costs in this court and the County and City Courts.

The action is to recover damages for injuries to a horse, caused by a barbed-wire division fence between the lands of the parties, maintained by the defendant. Chapter 524, p. 458, of the Laws of

1896, added section 109 to the Town Law, chapters 569, 1211, of the Laws of 1890, providing for the use of barbed wire in building division fences. This statute became a law May 11, 1896, and provided, in brief; that barbed wire could be used in constructing division fences, with the consent of the adjoining owner, and that, in the absence of such consent, the fence would have to be of four strands of wire, with sufficient bar of wood at the top, etc. The fence in question was built in August, 1896; had no bar of wood at the top, but a smooth wire at the top, and three strands of barbed wire below it. The fence was built by the defendant's father, who carried on the defendant's farm in 1896, the defendant being away from home. When the defendant's father settled with defendant for the use of the farm, the building of the fence was reported to the defendant, and he allowed his father in the settlement for the building of the fence. The fence continued until August, 1900, when the horse of plaintiff was injured by it. There was conflicting evidence given on the trial as to whether the plaintiff consented to the building of the fence and as to the amount of the damages. The trial court found for the plaintiff, and fixed the damages at $30. There was quite a serious controversy as to the facts, and the defendant was entitled to have the evidence submitted to a jury, and the facts determined by such jury, unless he waived such right. This question is presented by the record in a somewhat novel and peculiar form.

When the parties appeared in court on the return day, January 24, 1902, the plaintiff complained for goods sold and delivered, and demanded judgment for $55. The defendant interposed a general denial. An issue was thus joined, which the defendant was willing to try before the court without a jury, and no jury trial was then demanded under section 2990 of the Code of Civil Procedure. The case was then adjourned until January 31, 1902. On the adjourned day the plaintiff proposed to amend his complaint by substituting a written one, which he had filed with the court January 25, 1902, in the absence of the defendant. This complaint was for the cause of action which was subsequently tried, to recover damages for injuries to a horse, resulting from the wrongful maintenance of a barbed-wire division fence. The defendant objected to this change of the cause of action from contract to tort, but the amendment was allowed, and the defendant interposed a written answer thereto. An issue was thus joined entirely new and different from that joined on the return day. The defendant desired a jury trial of this new issue, and at once demanded the same. The court refused it, however, and compelled the defendant to try the issue without a jury. This, we think, was erroneous. Fairly, the defendant was entitled to a jury trial, and we think there is no legal reason why it should not have been granted to him.

1. The language of the statute (section 2990 of the Code) is: "At the time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury trial is waived." There is nothing in the language that limits the right to demand a trial by jury to the joining of issue upon the return day of the summons. Very likely the demand would usually

be limited to the issue joined on such return day, and any ordinary amendment of the pleadings would not constitute the joining of an issue so as to give a right under this section to demand a trial by jury on a day subsequent to the return day. But we cannot assent to the proposition that where the issue joined on the return day is purely fictitious, and on contract, and on a subsequent adjourned day is changed into an entirely new issue in tort, against the defendant's objection, the defendant may be deprived of a trial by jury of the new issue upon the ground that he waived his right to the same by not demanding a jury trial of the original fictitious issue on contract.

2. Certainly, he should be entitled to a jury trial, and, if the court was to hold he had waived it as a legal right, it should at least have been made a condition of allowing such a radical change in the pleadings and of the issue in the case. The court had power to allow the amendment of the pleadings, if substantial justice would be thereby promoted, under section 2994 of the Code of Civil Procedure. We think substantial justice would hardly be done by this change of issue, and at the same time a denial to the defendant of a trial of the new issue by a jury. Very likely the amendment of pleadings is within the discretion of the trial court, but such discretion is subject to review on appeal, and, if exercised improperly, and without due regard to the rights of either party, may be reversed on appeal. The appellate courts will, so far as they are able, see that justice is done. A party should not be deprived of a right to trial by jury unless he is clearly shown to have waived the same. The defendant did waive his right to a trial of the original issue by jury, but we do not think he waived such trial of the new issue, and, if he did, the court should not have permitted the issue to be changed as it was without releasing the defendant from the effects of such waiver.

We do not determine the other questions raised upon this appeal, but reverse the judgments solely upon the ground that the defendant was improperly deprived of the right to a jury trial of the issue joined on the adjourned day. All concur; HISCOCK, J., on the second ground stated in the opinion.