## LEVY v. ROOSSIN.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. MUNICIPAL COURTS—JURY TRIAL—DENIAL.

After a default for defendant's failure to appear had been opened on terms that defendant should make a deposit in court to secure any judgment that might be recovered, and answer before a certain date, defendant's counsel requested a jury trial, and offered to pay the amount required for the venire, which the court denied, and continued the case to the date on which defendant was required to answer. On that day defendant filed an answer, renewed his application for a jury trial and his tender of the jury fee, which the court again denied. *Held* that, notwithstanding Municipal Court Act, Laws 1902, p. 1535, c. 580, § 145, providing that issue must be joined on the return day of the summons, except as otherwise expressly provided, issue was not in fact joined until the filing

of defendant's answer, and hence his demand for a jury trial was in time under section 231 (page 1557), providing that at any time when an issue of fact is joined either party may demand a trial by jury on payment of a specified fee, and, unless so demanded at the joining of issue, the jury trial is waived.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Julius Levy against Abraham B. Roossin. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Alexander B. Greenberg, for appellant.
Julius Levy, in pro. per.

WILLARD BARTLETT, J. This judgment must be reversed on account of the error of the Municipal Court in refusing the defendant a trial by jury when seasonably demanded by him. The action was brought to recover the value of professional services alleged to have been rendered to the defendant by the plaintiff as an attorney and counselor at law. The defendant suffered a default on October 30, 1903. On the 2d day of November following, a motion was made in the Municipal Court to open this default on the ground that his counsel had mistaken the tribunal in which he was summoned to appear, and had proceeded to the Municipal Court in the Fourth District of the borough of Manhattan, instead of to the Municipal Court in the Fourth District of the borough of Brooklyn. The default was opened upon the condition that the defendant should deposit in court $135 to secure any judgment that might be recovered, and that an answer be filed on or before November 6, 1903. When this direction was made, counsel for defendant asked for a jury, and offered to pay to the clerk the sum of $4.50 for a venire. The court denied the application for a jury trial, and counsel for the defendant excepted. On the adjourned day (November 6, 1903) the parties duly appeared before the Municipal Court, and counsel for the defendant filed an answer and renewed his motion for a trial by jury, and also renewed his tender of $4.50 for the jury fee. The court denied the application, and counsel duly excepted.

Section 231 of the New York Municipal Court act provides as follows:

"At any time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury trial is waived. The party demanding a trial by jury shall forthwith pay to the clerk, the sum of four dollars and fifty cents. In default of which payment the court shall proceed as if no demand for trial by jury had been made." Laws 1902, p. 1557, c. 580.

The defendant had complied with all the requirements of the section cited, in order to entitle him to a trial by jury. He had offered to pay the prescribed fee and tendered the same, which was all that he could do in view of the refusal of the court to allow the clerk to receive it. Issue had not been joined in the action until the filing

of the answer, which was filed at the precise time directed by the court when the default was opened. In behalf of the respondent it is argued that because in section 145 (page 1535) of the Municipal Court act it is provided that issue in certain cases must be joined on the return day of the summons, except as otherwise expressly prescribed in the statute, it should be held that issue was joined in this case when the defendant's default was taken on account of his mistake in regard to the borough in which the venue was laid, and hence the defendant lost his right to apply for a jury trial because he did not appear in the right place on that day. This is a forced construction, which ought not to be adopted if it can be avoided. The opening of the default left the parties to the action in exactly the same position which they occupied before the return day of the summons, except so far as the order opening the default imposed conditions upon the defendant. Those conditions did not include the requirement that he should relinquish his right to a trial by jury. Issue was not actually joined until the filing of the answer, and at that time defendant could not properly be deprived of the right to a jury trial, conferred upon him by section 231 of the Municipal Court act. The provisions of that section do not differ substantially from those of section 2990 of the Code of Civil Procedure in regard to jury trials in courts of justices of the peace. The language of that section is:

"At the time when an issue of fact is joined either party may demand a trial by jury, and unless so demanded at the joining of issue a jury trial is waived."

It has been held by the Appellate Division in the Fourth Department that there is nothing in the language quoted that limits the right to demand a trial by jury to the joining of issue upon the return day of the summons, although the demand would usually be limited to the issue joined on such return day, if the defendant then pleaded. Reese v. Baum, 83 App. Div. 550, 82 N. Y. Supp. 157. The defendant in the case at bar, however, did not plead on the first return day. He was relieved from the consequences of his default, and the order opening that default postponed the joinder of issue until the day when his answer was actually filed. By the action of the court below he has been deprived of a substantial right, which requires a reversal of the judgment.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.