### MILELLA v. SIMPSON et al.

(Supreme Court, Appellate Term. June 22, 1905.)

1. EXECUTION—WRONGFUL LEVY—LIABILITY OF EXECUTION CREDITOR.

An execution creditor who gives no specific instructions to the officer as to the levy to be made under the execution is not liable for the acts of the officer in levying on the property of a third person.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1390.]

2. SAME—CLAIM OF THIRD PERSON TO PROPERTY—EVIDENCE—EQUITABLE JURISDICTION.

Where, in an action for conversion based on a levy on the property under an execution issued against a third person, the evidence warranted a finding that the property at the time of the levy belonged to the execution debtor, and not to plaintiff, the court, on declaring that the bill of sale under which plaintiff claimed was fraudulent, did not exercise the powers of a court of equity, prohibited by the Municipal Court Act (Laws 1902, p. 1490, c. 580, § 2, subd. 2), and did not thereby render its judgment for defendant erroneous.

3. APPEAL—RECORD—OPINION OF TRIAL COURT.

The opinion of the trial court is no part of the record, and, if the judgment can be sustained, it is not necessary that it should be sustained on the grounds stated by the trial court.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 2339, 3406.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Vita Milella against Charles A. Simpson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

Louis Levine, for appellant.

Edward J. Kelly, for respondents.

PER CURIAM. This action was brought in conversion for damages for the alleged wrongful taking of certain personal property which the plaintiff claimed to own. The defendant Simpson was one of the city marshals, and the defendants justified the taking by virtue of an execution issued upon a judgment in the Municipal Court obtained by the defendant Porrazzo against one Martin Mellella, a son of the plaintiff, and whom the defendants alleged was the owner of the property in question. The plaintiff's claim to the ownership of the property rests upon an alleged purchase said to have been made by the plaintiff from his son on July 25, 1904, and evidenced by a bill of sale offered and received in evidence, and dated on that day. The judgment under which Simpson made the levy was entered August 25, 1904, and the levy by Simpson under the execution was made upon the day following the entry of judgment. The evidence was sufficient to warrant the court below in finding that the defendant Porrazzo, the plaintiff in the execution, gave no specific instructions to the marshal as to the levy made by him, and therefore he was not liable for the acts of the marshal. Siersema v. Meyer, 38 Misc. Rep. 358, 77 N. Y. Supp. 901. We also think that the plaintiff failed to sustain the burden of proof cast upon him of showing good faith and an absence of intent to defraud creditors in his alleged purchase of his own son's property. The son at the time of the alleged sale by him of the property in question was in business for himself, and had the property consisting of a horse, harness, and wagon in his possession. There is evidence from which the court might find that when the levy was made the property was still in the possession of the son, and there is no evidence that plaintiff ever took possession of such property, nor did he give any reason for allowing the same to continuously remain in the possession of the son after his alleged purchase. The name of the judgment debtor was upon the wagon, and the marshal and another witness testified that the son, when the levy was made, stated in the presence of. the plaintiff that he (the son) owned the property. The trial judge, in a memorandum, declared the bill of sale to be a fraudulent one, and stated, in substance, that the word "July," in the acknowledgment thereto, seems to have been written over an erasure of the word "August," showing the paper to have been executed the day the judgment was rendered. By declaring in an action of this kind that the bill of sale was fraudulent, the court does not thereby assume to exercise the powers of a court of equity, as prohibited by section 2, subd. 2, of the Municipal Court act (Laws 1902, p. 1490, c. 580). The plaintiff's claim to the disputed property rested wholly upon his alleged purchase, and it was purely a question of fact, to be determined from all the facts and circumstances disclosed by the evidence, whether or not such purchase was made in good faith and without intent to defraud creditors. Moreover, the opinion of the court is no part of the record, and, if the judg-

ment can be sustained, it is not essential that it should be upheld upon the specific grounds stated by the trial judge, although in the case at bar the testimony is sufficient to warrant the assertion made that the bill of sale was fraudulent. .

Judgment affirmed, with costs.