MARY ONEY, Respondent, *v.* ELIJAH POMFREY, Appellant.

(County Court, Saratoga County, April, 1907.)

Justices of the peace — Procedure in justices' courts — Pleading — Amendments — Of complaint.

Conversion — Parties, pleading and evidence — Weight and sufficiency of evidence.

Upon the adjourned day of an action upon an account stated, a justice of the peace, under section 2944 of the Code of Civil Procedure, may permit an amendment changing the action to one for the conversion of a horse.

Where defendant's counsel upon the granting of the amendment withdrew from the case and the evidence shows that the plaintiff through her agent had possession of the horse; that it was rented to the defendant upon his promise to return it, which he failed to do; that, upon plaintiff's agent demanding the return of the horse, the defendant requested him not to make him any trouble and said that he would settle for it, the judgment in plaintiff's favor will be affirmed.

Appeal from a judgment of a justice's court rendered in favor of plaintiff.

James A. Leary, for respondent.

William J. Delaney, for appellant.

Rockwood, J. The plaintiff brought this action in justice's court to recover judgment upon contract for an account stated. On the return day the defendant filed an answer containing a general denial of the allegations of the complaint. Two adjournments were had and on the final return day plaintiff moved to amend her complaint, and filed a complaint in writing with the justice for the conversion of a horse, demanding judgment in the sum of $100. The justice granted the plaintiff's motion to amend the complaint and thereupon the defendant's counsel withdrew from the case. Plaintiff thereupon produced witnesses and made oral proof of her cause of action and the justice awarded judgment to the plaintiff in the sum of $77.65 damages and costs.

The defendant has appealed, assigning various errors, the principal one of which is that the justice did not have authority to grant the amendment of the plaintiff's pleading.

This matter is governed by section 2944 of the Code of Civil Procedure, wherein a wide discretion is vested in justices of the peace to allow the amendment of a pleading at the trial where substantial justice will be promoted thereby. The application of this section to cases somewhat similar to the one at bar is shown in the recent decisions in

Reese v. Baum, 83 App. Div. 550, and Bunke v. New York Telephone Co., 110 id. 241.

In the latter case the Appellate Division of the First Department, in an opinion by Judge Laughlin, held: " It is true that this amendment changed the action from contract to tort, but the facts upon which the plaintiff claimed the right to recover were the same, and although, technically speaking, it did allow the substitution of a new cause of action for the original, yet this was within the power of the court under the statutory authority quoted, which is substantially the same as the authority conferred upon justices of the peace."

To similar effect are Wood v. Shultes, 4 Hun, 309; Hawkes v. Burke, 34 Misc. Rep. 189; Rein v. Brooklyn Heights R. Co., 47 id. 675; Shirtcliffe v. Wall, 68 App. Div. 375.

It is clear from a reading of the authorities that the justice had power to grant the amendment notwithstanding that it changed the cause of action from contract to tort. Had the defendant claimed surprise and requested an adjournment, without doubt the justice would have preserved the rights of all parties; but the defendant elected to withdraw from the case and thus, in a measure, took the risk of what might happen after such withdrawal, provided that the rulings of the justice were legally correct.

Aside from the criticism of the action of the justice in permitting an amendment of the pleading, the appellant contends that the plaintiff failed in her proof in several particulars which will be briefly alluded to.

In the first place, it is claimed that the witness Waldron was without proper authority from the plaintiff, as her agent, to demand the return of the horse from the defendant. The evidence of the plaintiff was that Waldron was her agent in the matter, and such agency will be presumed to continue until the contrary is shown.

Again, it is denied that there is any proof in the case as to the value of the horse. The testimony shows that two witnesses were sworn as to value and, although the evidence is somewhat meager in that respect, there was

sufficient upon which the justice could base his finding of seventy-five dollars as the value of the horse.

It is further urged that the case is barren of proof of the plaintiff's ownership of the property converted. Absolute title in the plaintiff need not be shown in order to sustain an action for conversion; a bailee may sue. Van Bokkelin v. Ingersoll, 5 Wend. 315, affg. 7 Cow. 670; Baker v. Hoag, 7 N. Y. 555; Faulkner v. Brown, 13 Wend. 63; Truslow v. Putnam, 4 Abb. Ct. App. Dec. 425.

The mere facts of lawful possession in the plaintiff and wrongful taking by the defendant are sufficient, and possession is presumed lawful unless the contrary appears.

The evidence shows that the plaintiff, through her agent, had possession of the horse and that the same was rented to the defendant upon his promise to return it, which he failed to do. There was also evidence from the witness Amlet that, at the time the agent, Waldron, demanded the return of the horse, the defendant requested Waldron not to make him any trouble and he would settle for it. Undoubtedly the defendant might have explained much of the evidence had he proceeded with the trial, but, having voluntarily elected to withdraw therefrom after the amendment of the pleading, he cannot be held to be unduly prejudiced by the action of the justice.

Upon the record as presented to the court upon this appeal, there was sufficient evidence before the justice to warrant his decision in favor of the plaintiff, and the judgment must be affirmed, with costs.

Judgment affirmed, with costs.