(54 Misc. 612)

## SCHOLLARS v. COGHLAN.

(Supreme Court, Appellate Term. June 6, 1907.)

COURTS—MUNICIPAL COURTS—JURISDICTION.

A defense that a transfer of goods evidenced by a bill of sale is fraudulent as against the creditors of the transferror is, when no affirmative relief is asked, available in the Municipal Court, exercising only common-law powers.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Mary Schollars against William F. Coghlan. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

James I. Moore, for appellant.
Samuel Packard, for respondent.

GILDERSLEEVE, P. J. The trial justice gave judgment in favor of the plaintiff, without weighing the defendant's testimony, and upon the theory that the defendant could not avail himself of a defense in the Municipal Court that a transfer of goods, evidenced by a bill of sale, from the husband of the plaintiff to her, was made without consideration and in fraud of the husband's creditors. In his opinion he states that:

"While the circumstances of such transfer are by no means free from suspicion, if I were to render a verdict for the defendant, the defendant's principals would accomplish as much as, and more than, they could gain in a judgment creditor's action, and thus a court of inferior common-law jurisdiction would be exercising a power which courts of equity of unlimited jurisdiction should only assume."

In this position the learned trial justice was in error. So long as the defendant asked for no affirmative relief, no equitable powers of the court were invoked. As a defense, it has frequently been held that a court of common-law powers may try the question of fraud, when the title to personal property is attacked upon that ground, and that a district court has jurisdiction in such a case. Malkemesius

v. Pauly, 17 Misc. Rep. 371–373, 39 N. Y. Supp. 1095; Pelgram v. Ehrenzeweig, 51 Misc. Rep. 32, 99 N. Y. Supp. 913. This was so held by this court in a case substantially similar to the case at bar. Milella v. Simpson, 94 N. Y. Supp. 464.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.