## MARTIN v. BORDEN.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

1. JURY—WAIVER OF RIGHT.

Under Code Civ. Proc. § 2990, providing that, in default of a deposit in advance of jurors' and constable's fees by a party to an action before a justice who at the joining of issue demanded a jury, the justice shall proceed as if no demand had been made, a party not making the deposit as so required, and as directed by the justice, waives a jury trial.

2. ANIMALS—ATTACKS BY DOG—KNOWLEDGE OF VICIOUSNESS—EVIDENCE.

Evidence that defendant's dog, which attacked and bit plaintiff, had habitually run out of the yard, where defendant lived with his parents, and angrily attacked people in the street, for several months, though without getting hold of them, is enough to imply knowledge to defendant of the viciousness of the dog; it being permissible to find that he knew what was notorious.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, §§ 265, 268.]

Appeal from Westchester County Court.

Action by James F. Martin, as guardian ad litem for Raymond Martin, an infant, against William E. Borden, Jr. From a judgment of the County Court, reversing the judgment of a justice of the peace for plaintiff, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

James Dempsey, for appellant.
Clinton F. Ferris, for respondent.

GAYNOR, J. The plaintiff's judgment was for damages by the bite of the defendant's dog. It was reversed on the grounds that a jury trial was refused and that it was not shown that the defendant had knowledge of the viciousness of the dog. The defendant demanded a trial by jury at the joining of issue, but did not deposit the jurors' and constable's fees in advance, as directed to do by the justice and required by law. This was a waiver of a jury trial, and it was the duty of the justice to proceed with the trial without a jury on the adjourned day, as he did. Code Civ. Proc. § 2990. There was no evidence of any direct notice to the defendant of the dog having attacked

any one before, but the evidence showed that the dog had habitually run out of the yard where the defendant lived with his parents and angrily attacked people in the street afoot, on bicycles and in wagons for several months, though without getting hold of them. This was ample to imply knowledge to the defendant. It is permissible to find that he knew what was so notorious.

The judgment of the County Court should be reversed and that of the Justice's Court affirmed.

Judgment of County Court of Westchester county reversed, and that of the Justice's Court affirmed, with costs. All concur.