### GOTTLIEB v. PECK & MACK CO.

(Supreme Court, Appellate Term. October 31, 1910.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—PLEADINGS—AMENDMENTS.

An amendment to a pleading in the Municipal Court, as authorized by Municipal Court Act (Laws 1902, c. 580) § 166, authorizing amendments at any time to promote substantial justice, must be made in open court when the parties are present; and an amendment made by the trial justice after the case had been submitted for determination is unauthorized.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

2. SALES (§ 94*)—PARTIAL RESCISSION—EFFECT.

Where a buyer, when sued for the price of goods, was relieved from paying for a part of the goods in his possession, on the ground that his offer to return them to the seller had been accepted, the seller was entitled to the possession on demand; and where the buyer subsequently refused to deliver possession on demand, the seller could sue for conversion.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 260; Dec. Dig. § 94.*]

3. TROVER AND CONVERSION (§ 9*)—DEMAND—NECESSITY.

Where there has been a wrongful taking of goods, a demand is not necessary to constitute a conversion; but where goods have come into the possession of a person lawfully, a demand for their delivery is essential, and where the demand is not complied with an action for conversion lies.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 58–83; Dec. Dig. § 9.*]

4. APPEAL AND ERROR (§ 1169*)—REVERSAL—ERRONEOUS GROUNDS FOR CORRECT JUDGMENT.

A valid judgment will not be reversed merely because it is based on a wrong ground, as expressed by the trial justice in his opinion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4531–4539; Dec. Dig. § 1169.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Oscar Gottlieb against the Peck & Mack Company. From a judgment for plaintiff, defendant appeals. Affirmed on reargument, after affirmance without opinion.

Argued before SEABURY, GUY, and BIJUR, JJ.

Franklin Bien, for appellant.
I. L. Broadwin, for respondent.

PER CURIAM. At the October, 1909, term of this court, the appeal of the plaintiff herein from a judgment dismissing his complaint

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was heard, the judgment reversed, and this court in its opinion then said, inter alia:

"It seems to us that the complaint states a good cause of action. The proof of the plaintiff's case depends upon the question whether the record of the earlier trial will show that the jury made an allowance of $217 upon the offer of the defendant to return goods of that value." 119 N. Y. Supp. 616.

The plaintiff sued for conversion, and recovered a judgment upon the second trial, which was affirmed by this court at the May, 1910, term, without opinion; and it now comes before the court again upon a reargument. The judgment roll and the stenographer's minutes in the City Court action were offered and received in evidence upon the last trial, and what was proven without dispute in the City Court action is fully set forth in the opinion of the learned justice who tried this case, and is as follows:

"The action was brought to recover $791.81 for goods sold and delivered. The total transaction involved a sale and delivery of goods to the amount of $1,791.81. One thousand dollars had been paid prior to the commencement of the action. On the trial the defendant admitted the sale and delivery of all the goods, and had the affirmative. On April 30, 1907, the defendant wrote to the plaintiff, inclosing a check of $1,000 on account, and offered to return all the goods which it had left. Plaintiff replied, by letter of May 6th, that it was optional with defendant whether or not to return the goods, as he could dispose of them; but, notwithstanding this offer, no goods were returned. Defendant's vice president, who had made the agreement for the purchase of the goods, testified that after this letter of May 6th he informed plaintiff that he had $800 worth of goods left, and would settle after September 1st, because he had to make allowances to defendant's customers for damaged goods, and that thereafter defendant continued to ship goods to its customers; that on September 1st he was prepared to adjust the account, at which time he had on hand $217 worth of merchandise; that the total amount of allowances which he had made to his customers was $184; and, adding this allowance to the goods on hand, $217, it made $401. He then testified that he was then ready, and had been ready, prior to the commencement of that action, to return those goods which he had on hand, and was then ready, and was ready prior to the commencement of that action, to pay the difference between that $401 and $791.81, the latter being the amount claimed by plaintiff. The total amount of plaintiff's claim, with interest, as it appears by the minutes, was $821.42. Deducting from this sum of $821.42 the two items for which defendant sought credit, namely, $184, the total amount of allowances which defendant testified on that trial it made to its customers, and the additional sum of $217, the goods on hand, it leaves a balance of $420.42, which was the amount of the jury's verdict. In the record of what occurred at the former trial it appears that the learned trial justice, in charging the jury, said that he left it to them to say whether the plaintiff should receive $821.42, or $420.42, and called the jury's attention to the evidence that the defendant's claim was that it was willing to settle on the basis that it had $217 of the defective goods on hand, and that it was to have an allowance for the amount it allowed to its customers which amounts to $184."

The trial justice then said:

"Under these circumstances, the plaintiff should not be denied a recovery for what is justly due him. The defendant admitted it had $217 worth of goods, offered on the trial to return them, said it had always theretofore been willing to return them, and as it is clear that the jury's verdict was based upon that offer, and it was not obliged to pay for that amount of goods by or under that verdict, it should not be permitted to keep the goods without payment. There is not a particle of evidence in the City Court action upon which the jury could have found on the defendant's defense or counterclaim for a greater sum than the items of $184 and $217, which the jury deducted from the plain-

tiff's claim. No evidence was given and no claim made on that trial that there was any difference between the price agreed to be paid for the goods and the value of them in their damaged condition, except in so far as the allowance of $184 made by defendant to its customers may be considered as difference in value or damage sustained by defendant. On the contrary, it clearly appears from the record that the jury allowed defendant all that it claimed that it had allowed its customers, and gave plaintiff judgment for the balance of the purchase price, less the $217 worth of goods which the defendant offered to return."

From the foregoing it will be seen that the plaintiff showed conclusively, from the record of the trial in the City Court, that the jury "made an allowance to the defendant of the sum of $217" for goods then in defendant's possession, which it had previously offered to return to plaintiff, and that the trial in the City Court proceeded upon the theory, acquiesced in by both parties, that this $217 worth of goods, then in the possession of the defendant, actually belonged to the plaintiff, and the verdict of the jury was rendered upon that basis. Thereafter, and before the trial of the present action, the plaintiff demanded of the defendant the delivery of these goods, which demand was refused. The learned trial justice, in his opinion, finds that such demand and refusal was made, but says:

"This action should have been brought for breach of contract (a failure to pay for the goods or to carry out the offer to return them which offer was accepted when plaintiff demanded the goods), and not in tort."

And he further says:

"I am of the opinion, however, that although plaintiff has mistaken his claim and cause of action, and the facts do not show his right to recover under his complaint, his pleading may be and is made to conform to the facts proved (section 723, Code; section 20, Municipal Court Act [Laws 1902, c. 580]), and he is entitled to judgment for the value of the goods, as for goods sold and delivered."

And he thereupon rendered judgment in favor of the plaintiff for the sum of $217 damages, with interest and costs. This amendment of the complaint, made by the trial justice, was made, not at the trial in open court, at the request of the plaintiff, but after the testimony was closed, the trial had, and the case submitted to the court for determination. Under such circumstances an amendment to pleadings cannot be made. There can be no question about the right of a Municipal Court to permit an amendment to a pleading "at any time, if substantial justice will be promoted thereby" (section 166, Municipal Court Act), and such amendment may be permitted, even though it changes the entire cause of action (Reese v. Baum, 83 App. Div. 550, 82 N. Y. Supp. 157; Bunke v. N. Y. Telephone Co., 46 Misc. Rep. 97, 91 N. Y. Supp. 391, affirmed 110 App. Div. 241, 97 N. Y. Supp. 66). Nevertheless, such amendment must be made in open court, when the parties are present, so that proper action, by adjournment or otherwise, may be taken to protect the rights of the party affected by such amendment.

In the case at bar, however, no amendment was necessary, and the court below fell into error in that respect. As before stated, the defendant had, prior to the action in the City Court, offered to return to the plaintiff the $217 worth of goods, which offer had been accepted, and in the City Court action had again offered to return said goods,

and had been relieved from payment therefor for that reason. The goods were, therefore, concededly the plaintiff's, and he was entitled to their possession upon demand. Where there has been a wrongful taking of goods, no demand is necessary; but where goods have come into the possession of a person lawfully, then, in order to constitute conversion, a demand for their delivery is essential, and, if such demand is not complied with, an action for conversion will lie. This rule is too well known to need citation of authority for its support. It is clear, therefore, that the plaintiff proved the allegations of his complaint, made out his cause of action, and the judgment in his favor was properly rendered; and, although rendered upon a wrong theory of the law, a valid judgment will not be reversed merely because it is based upon a wrong ground expressed by the trial justice in his opinion. Milella v. Simpson, 47 Misc. Rep. 690, 94 N. Y. Supp. 464; People ex rel. Witherbee v. Supervisors, 70 N. Y. 228.

A verified complaint was served with the summons, and the summons did not, therefore, require the indorsement specified in section 39 of the Municipal Court act.

Judgment affirmed, with costs.