LAZIER GAS ENGINE CO. v. YOKOM.

(Supreme Court, Special Term, Erie County.   November, 1910.)

1. JURY (§ 28*)—WAIVER—EFFECT OF CONSTITUTIONAL PROVISION.
     Const. art. 1, § 2, permitting a jury trial to be waived as prescribed
     by law, does not preclude a court from holding that a party has waived
     by conduct or silence.
     [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196;  Dec.
     Dig. § 28.*]

2. JURY (§ 25*)—JURY TRIAL—WAIVER.
     Under Buffalo City Court Act (Laws 1909, c. 570) § 41, providing that
     jury trial is waived unless demanded at joinder of issue or on the
     first adjourned day thereafter, defendant waived such trial by filing an
     answer and consenting that the case be placed on the ready calendar
     without making such demand; the practice being to try cases on such
     calendar by the court.
     [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 155–159, 164;
     Dec. Dig. § 25.*]

3. CONTINUANCE (§ 40*)—WAIVER OF RIGHT.
     Under City Court Act (Laws 1909, c. 570) § 34, providing that at the time
     of the joinder of issue the court shall adjourn any case on request of
     either party for not more than eight days, defendant when he files his
     answer can procure one adjournment for at least eight days, but this
     privilege is waived by consenting to have the case placed on the ready
     calendar.
     [Ed. Note.—For other cases, see Continuance, Cent. Dig. § 124;  Dec.
     Dig. § 40.*]

4. JURY (§§ 25, 28*)—JURY TRIAL—WAIVER.
     Under Buffalo City Court Act (Laws 1909, c. 570) § 41, providing that
     jury trial is waived unless demanded at joinder of issue or on the day
     thereafter to secure jury trial, it must be demanded substantially at
     least in the form prescribed or it will be deemed waived, and a waiver
     once made is irrevocable.
     [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 155–159, 164;
     Dec. Dig. §§ 25, 28.*]

Appeal from City Court of Buffalo.

Action by Lazier Gas Engine Company against Edward O. Yokom.
From an order refusing to dismiss the jury, plaintiff appeals.   Re-
versed, and new trial granted.

Gordon F. Matthews, for appellant.
Judson S. Rumsey, for respondent.

LAMBERT, J.   The summons in this action issued out of the City
Court of Buffalo was returnable February 15, 1910, upon which day
defendant appeared by his attorney.   By consent of both parties, the
case was from time to time adjourned until March 8, 1910, when de-
fendant filed his answer.   Pursuant to the act establishing that court
(chapter 570, Laws 1909), either party could have then demanded a
jury trial; but, unlike the Justices' Court act, or the act constituting
the Municipal Court of New York City, which limit the right of ei-
ther party to demand a jury trial to the time when issue is joined,
this act provides that either party may demand a jury trial upon the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

first adjourned day thereafter. That portion of section 41, under consideration, reads as follows:

"At the time of the joinder of an issue of fact or upon the first adjourned day thereafter either party may demand a trial by jury and unless so demanded a jury trial is waived."

It appears that upon the joinder of issue March 8, 1910, no demand was made by either party for a jury trial, and the case was by consent placed on the ready calendar. Before it was reached for trial, and on April 12, 1910, the defendant demanded a jury trial and paid into court the necessary fees required by said act. On May 24, 1910, when the case was regularly called, defendant without objection filed an amended answer. Before proceeding with the trial, plaintiff's counsel moved for a dismissal of the jury on the ground that a jury was not demanded on the joining of issue, or the first adjourned day thereafter. This motion was denied and an exception taken by plaintiff's counsel. The question is therefore clearly raised for the review of the court:

"Did the court err in refusing to grant plaintiff's motion and directing that the trial proceed before a jury?"

The filing of the amended answer in this case does not constitute such a change in the nature of the action that the issue thereby joined gives to the defendant any further right to demand a trial by jury subsequent to the day when he filed his first answer. Reese v. Baum, 83 App. Div. 553, 82 N. Y. Supp. 157. The clause in the state Constitution (article 1, § 2), declaring that "a jury trial may be waived * * * in the manner prescribed by law," does not preclude the court from holding that a party may by his conduct or silence have waived such a trial (Baird v. Mayor, 74 N. Y. 382). Upon filing his answer and consenting to the case being placed upon the ready calendar, defendant must be deemed to have assented to a disposition of his case in the usual and customary manner, which was by the court without a jury. The legislative scheme, gathered from the reading of the entire act, contemplates the trial of all cases coming within its jurisdiction by one of the judges of the court, who must hear the evidence, decide all questions of fact and law, and render its judgment, saving, however, the right to either party to change this order of procedure by substituting a trial by jury when one is demanded in accordance with the provisions of said act. Section 42. To secure this privilege of a jury trial, there must be an application to the court or a demand made substantially at least in the form and manner prescribed; otherwise, or by mere failure to assert the right when it should be exercised, the party will be considered to have waived it, and, when once a waiver occurs, it cannot be retracted but remains good during the life of the litigation. Tracy v. Falvey, 102 App. Div. 586, 92 N. Y. Supp. 625. Where the modes of procuring a jury are indicated by the statute, they must be treated as exclusive of all other methods. For illustration, where the statute provides that payment of certain necessary fees shall be made at the time a jury trial is demanded, a demand unaccompanied by this payment is ineffectual, and it has been held under these circumstances, notwithstanding an other-

wise timely demand, that such failure constitutes a waiver of the right to a jury trial. Martin v. Borden, 123 App. Div. 66, 107 N. Y. Supp. 725. The defendant did not demand a jury when he filed his answer on March 8, 1910, and issue was joined. He could next have lawfully done so only "upon the first adjourned day thereafter." It appears from the return that there was no adjournment, that upon filing his answer the case was, by consent, placed on the ready calendar, and, when reached, tried.

We believe this constitutes a waiver and the learned judge erred in permitting the trial to proceed with a jury. Were it otherwise, upon reaching a case which had by consent been placed on the ready calendar, either party could, by favor of the court, upon proper grounds shown, obtain an adjournment for one or more days. Can it be urged that an adjournment under such circumstances would constitute the "first adjourned day" after issue joined and entitle a party to then demand a jury trial after he had already, impliedly at least, announced that he was ready to proceed with the trial of the case when reached in due course?

In section 34 of the City Court act, under the heading "Adjournments," it is expressly provided that:

"At the time of the joinder of issue, the court shall adjourn any case or proceeding before it, upon the request of either party for not more than eight days. * * * "

The defendant could, when he filed his answer, had he so desired, procured one adjournment of the case for at least eight days, and upon said adjourned day have lawfully demanded a jury trial. This privilege of obtaining an adjournment he waived by consenting to have his case placed on the ready calendar, and we think he likewise waived the privilege incident to it, of thereafter demanding a jury trial.

If these views are sound, it follows that the plaintiff's motion to dismiss the jury should have been granted. No other questions raised upon this appeal have been considered.

A new trial should be granted, with costs.