PER CURIAM. The father of a girl now five years of age obtained an absolute divorce, but the child was awarded to the mother, who, shortly upon remarriage, committed it to the maternal grandmother, to whom the court has now awarded it by amendment of the judgment. The father has some right to the custody of his child; the grandmother has none. The father is, like the grandmother, of good character; the father, by reason of his income, is better able to care for the child. There is no consideration related to the child's welfare that requires that the grandmother be preferred.

The order is reversed, and the plaintiff's motion granted, with a provision that the grandparents should not be denied reasonable opportunity to see the child.

---

WILBISKY v. GERMAN ALLIANCE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. APPEAL AND ERROR ☞193—OBJECTIONS—PRESENTATION IN COURT BELOW.
   In an action on a fire policy, where the complaint set forth the facts which defendant would be expected to meet, defendant, not having pointed out any technical insufficiencies, cannot on appeal sustain a judgment dismissing the complaint, on the ground that the proof did not correspond to the complaint as to defects which might have been cured.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1238, 1240; Dec. Dig. ☞193.]

2. INSURANCE ☞612—FIRE POLICIES—ACTION—CONDITIONS PRECEDENT.
   While no suit can be maintained on a fire policy where a valid award has been made, yet, if the award is invalid for fraud, plaintiff may sue on the policy, without first suing in equity to set it aside.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1520–1528; Dec. Dig. ☞612.]

3. COURTS ☞188—NEW YORK MUNICIPAL COURT—JURISDICTION.
   While the Municipal Court of New York City has no equitable jurisdiction, it can take jurisdiction of an action on a fire policy, though an award had been made, where because of fraud the award was invalid; the court not being requested to set it aside.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ☞188.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Wilbisky against the German Alliance Insurance Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

William M. Sullivan, of New York City (Edward E. Hoenig, of New York City, of counsel), for appellant.
William D. Murray, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff has brought an action upon a policy of fire insurance. The answer sets up several defenses, including the defense that there was an award made of a lesser sum than the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

amount asked for in the complaint.  At the trial, defendant moved to dismiss on the ground that the complaint failed to set forth that 60 days had elapsed since the proof of loss was given.  The trial justice gave leave to amend the complaint in this regard.  The plaintiff gave a rather vague statement of the amendment he desired.  While perhaps technically insufficient, it did apprise the defendant of what it expected to meet, and both attorneys and the court appear to have regarded it as sufficient.  Certainly, if the defendant had pointed out in what manner it was insufficient, the court would have permitted an amendment that would have fully covered the point.    Thereafter the plaintiff put in some evidence but before he had proceeded far the trial court clearly perceived that the real issue between the parties was the issue raised by the defense of the award, and he stated that to save time he would take proof of the award, as such proof would probably end the case.  Thereupon the defendant introduced the award in evidence.    The plaintiff thereupon attempted to prove that this award was fraudulent, but the trial court refused to admit such evidence.    Defendant thereupon conceded, for the purposes of the trial, the truth of the allegations of the complaint, and the trial justice dismissed the complaint without prejudice to a new action in which the plaintiff could raise an issue as to the fraudulent nature of the award.    The defendant now claims that, even if the trial justice was wrong in refusing to take proof of the alleged fraudulent character of the award, the judgment is correct, because there the complaint is defective and the proof to sustain the complaint insufficient.  I think that the record shows very clearly that any possible defects or insufficiency could have been supplied, if pointed out, and that upon this appeal we have a right to determine only whether under the pleadings the trial court correctly excluded the evidence which plaintiff attempted to produce.

[2, 3] It was apparently the theory of the learned trial justice that, while the making of the award was properly a defense to the present complaint, when proof was presented of such award, it disposed of any right of action upon the policy, that in effect the award was then substituted for the policy, and that the plaintiff could then sue only upon a complaint alleging the making of the award and setting forth his claim for its invalidity.  The same contention was made in the case of Sullivan v. Traders' Insurance Co., 169 N. Y. 213, 62 N. E. 146, and the court, though divided upon this point, overruled the contention.  It seems to be now established that though, where a valid award has been made, a suit under the policy in disregard of the award cannot be maintained, yet, where there is an equitable defense to the award, the insured has a right to bring his action upon the policy without first suing in equity to set aside the award, and, if the insurance company sets up the award as a defense, the plaintiff may, even without a reply, show any facts which would constitute an equitable defense to the award.  While the Municipal Court has, of course, no equitable powers, yet it may take cognizance of fraud as an equitable defense, and it has this power, not only where fraud is pleaded as an equitable defense to an action upon an instrument, but also where the instrument tainted with fraud is urged as a bar to an action.  In neither case is

the party pleading fraud asking the intervention of a court of equity to set aside the instrument; in both cases he is merely asking that the court take cognizance of facts, constituting an equitable defense to the instrument, which prevented the instrument from having had a valid inception. It follows that the plaintiff should have been permitted to show that the award was made fraudulently or arbitrarily.

Judgment should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

