[Civ. No. 4316. Third Appellate District.—March 25, 1931.]

CLIFFORD A. DEBERRY, etc., Respondent, v. JOHN CAVALIER, Appellant.

J. Oscar Goldstein for Appellant.

McCoy & Wetter for Respondent.

MR. JUSTICE THOMPSON (R. L.) Delivered the Opinion of the Court.—This is an appeal from a judgment in a suit upon a conditional contract for sale of an electric refrigerator. It is contended that the defendant was denied his constitutional right to a trial by jury, and that the amount of attorney's fees which was allowed is excessive.

The complaint was filed February 8, 1930. An answer denying the material allegations of the complaint was filed March 25, 1930. May 6th of the same year the case was regularly set for trial for June 5th. The day following the setting of the case for trial the defendant was duly notified of the date of trial. No demand for a trial by jury was made, except as hereinafter stated. May 26, 1930, the defendant served and filed his notice of intention to move the court for permission to amend his answer and file a cross-complaint. This motion was duly made on the thirty-first day of May. June 2d the court made an order granting the motion to amend the answer and permitting the filing of a cross-complaint. The amended answer and the pleading which is termed a cross-complaint were filed June 5th, at the time the case came on for trial. The answer to the cross-complaint was filed the same day. At the request of the defendant the cause was continued to June 7th to be reset for trial. For the first time, on June 7th, the defendant filed a demand for a jury. The payment of no jury fees accompanied this demand. This demand resulted in a continuance of the time of trial to June 26th. The demand for a trial by jury was denied on the ground that this privilege had been waived by the defendant by his failure to request a jury within the time and in the

manner provided by section 631 of the Code of Civil Procedure. On the day of the trial the defendant appeared by counsel and again renewed his motion for a trial by jury, leaving with the clerk of court the personal bank check of J. Oscar Goldstein, one of the attorneys for the defendant, for the sum of $36 for the jury fees for the first day of trial pursuant to section 631, *supra*. This check was not accepted by the clerk as payment. It was objected to by the respondent on the ground that it was not legal tender for the payment of the fees. Thereupon the defendant's demand for a jury trial was again denied. The defendant then moved for a continuance, which was also denied. The foregoing facts are undisputed.

The plaintiff adduced its evidence before the court sitting without a jury. At the close of the plaintiff's case the defendant announced that he would introduce no evidence in support of his cross-complaint or otherwise, but would rely upon the validity of his demand for a trial by jury. The court thereupon adopted findings favorable to the plaintiff and against the defendant upon all the material issues. A judgment was accordingly rendered in favor of the plaintiff for the sum of $543.40, together with twelve per cent interest per annum thereon from February 8, 1930, at which time said sum became due, and the further sum of $250 as attorney's fees. From this judgment the defendant has appealed.

The defendant contends that the filing of his cross-complaint which raises a new issue automatically vacated the former order setting the case for trial, and that the case was then placed on the calendar for the first time on June 7th to be set for trial, upon the issues finally adopted, at which time he demanded a trial by jury; that a jury trial was therefore not waived by him.

It is true that the cross-complaint presents a new issue. It alleges the defendant's place of business was destroyed by fire which resulted from defective wiring used by the plaintiff in installing the electric refrigerator, and that the defendant was damaged thereby in the sum of $4,500. If this claim lies against the plaintiff for damages resulting from defective wiring, it is because the contract for the purchase of the electric refrigerator imposes upon the plaintiff the responsibility of safely and efficiently

installing the plant. The liability is then imposed as an incident to the same transaction. The liability is in the nature of a counterclaim rather than a cross-complaint. (21 Cal. Jur. 73, sec. 45.) If it constitutes a counterclaim the allegations of new matter properly become a part of the answer. (Sec. 437, Code Civ. Proc.) If the new matter is properly presented as a counterclaim, its omission from the answer would create a waiver of the claim. (Sec. 439, Code Civ. Proc.) This new matter, therefore, constitutes a mere amendment to the answer which was permitted by the court "in furtherance of justice" pursuant to the provisions of section 473 of the Code of Civil Procedure. In furtherance of justice, courts are very properly liberal in authorizing the amendment of pleadings either before or at the trial. ■ The permission to amend a pleading, however, even though it may present a new issue, does not have the effect of restoring one's constitutional right to a trial by jury which has been previously waived. The constitutional right of a trial by jury is a valuable privilege derived from the wholesome influence of Magna Carta, and should be preserved and enforced in all its efficacy. This right, however, should not be used as a means of delaying or obstructing the regular course of litigation. This privilege should be exercised with due diligence. The legislature has therefore wisely provided that:

"Trial by jury may be waived, . . .

"4. By failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice or stipulation, or within five days after the notice of setting if it be set without notice or stipulation.

"5. By failing to deposit with the clerk, within ten days prior to the date set for trial, a sum equal to the amount of one (1) day's jury fees payable under the law."

In the present case the right of trial by jury was waived by failure on the part of the defendant to demand a jury trial within five days from the receiving of notice that the cause had been duly set for trial. The right of trial by jury was also waived by failure to deposit with the clerk of court a sum of money equal to one day's jury fees.

Under the circumstances of this case it may not reasonably be said the cause was first placed on the court calen-

dar June 7th to be set for trial. If the mere amending of a pleading were to have the effect of restoring the right to a trial by jury which had been previously waived, the privilege of amending pleadings might be resorted to as a means of delaying and obstructing the orderly course of procedure. At the trial of this case no evidence was offered by the defendant in support of his counterclaim. Evidently he had little faith in the justice of this claim. Certainly an issue which is abandoned at the trial of a cause may not become the means of restoring the right of trial by jury which is otherwise waived. There was no error in denying the defendant's application for a trial by jury under the circumstances of this case.

There is nothing in the cases of *Ferrea* v. *Chabot*, 121 Cal. 233 [53 Pac. 689, 1092], *Wendling Lumber Co.* v. *Glenwood Lumber Co.*, 19 Cal. App. 1 [124 Pac. 734], or *Reese* v. *Baum*, 83 App. Div. 550 [82 N. Y. Supp. 157, 158], relied upon by the appellant, which is in conflict with the foregoing conclusion. In the Ferrea case the propriety of relieving a litigant from a previous stipulation waiving the right of trial by jury is approved, when it appears that the stipulation was made through mistake, or procured by fraud. The court, however, affirmed the order of the trial court denying the application for a trial by jury, saying that the order would not be disturbed on appeal except for an abuse of discretion. In the Wendling Lumber Company case, where a demand for trial by jury was originally made pursuant to statute, and a mistrial of the cause occurred, it was held a subsequent demand for a jury was unnecessary, for the reason that the original demand was presumed to be continuing and therefore adequate. The decision in the New York case of *Reese* v. *Baum* is based upon a statute which is radically different from the California code. The New York statute provides that: "At the time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury trial is waived." Pursuant to this statute it was there properly held that an amendment which authorized the plaintiff to change his cause of action from one of liability on a contract to that of a tort, should not be allowed without granting the defendant the right of trial by jury. The statutory waiver of the right

of trial by jury in New York state depends. upon the making of a demand therefor "at the [time of] joining of issue". In that case the issues were not joined by the filing of a complaint which was based upon a false statement of the facts. The real issue in that case was one of tort, not liability on a contract. On the contrary, the statute of California bases the waiver of the right to trial by jury upon a failure to demand that privilege *when the case is first placed upon the trial calendar to be set, or within five days after notice thereof,* regardless of subsequent amendments which may be made to the pleadings.

Moreover, the defendant failed to comply with the statute by depositing with the clerk of court, ten days before the date set for trial, a sum of money equal to one day's jury fees. All that he ever deposited was a personal bank check for $36. This check was not accepted by the clerk as payment. It was objected to on the ground that the check was not legal tender for the payment. In 21 Ruling Case Law 37, section 34, it is said: "In the absence of any agreement to the contrary money is the sole medium of payment." At page 60, section 59, of the last-cited authority, it is further said: "With the exception of a few jurisdictions the authorities are unanimous in supporting the rule that the giving of a bank check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment or discharge of the debt."

The allowance of an attorney's fee of $250 in this case does not appear to be excessive. The contract provides for an allowance of a reasonable sum for this purpose. The complaint first asked for $200. When the counterclaim was filed demanding $4,500 damages for loss by fire resulting from defective wiring in installing the refrigerator, the plaintiff was allowed to amend the prayer of his complaint so as to increase his demand for counsel fees to the sum of $500. Permission to amend the prayer of the complaint in this regard, under the circumstances, does not seem unreasonable. Preparation for a defense to the charge contained in the counterclaim would greatly increase the labor of plaintiff's attorney. The abandonment of this issue at the trial could not have been anticipated. The reasonableness of the amount of the fee which was allowed

depends upon the record of the proceedings and the circumstances of the case. ▮ In determining what sum will adequately compensate an attorney for his services the court may properly consider the amount which is involved in the litigation, the intricacies of the facts and the law of the case, the standing and skill of the attorney, and every other fact or circumstance which will enable the court to fix a sum which will fairly compensate the attorney for his services. (3 Cal. Jur. 698, sec. 96; 2 R. C. L. 1059, sec. 145.) We are unable to say that the amount of $250 which was fixed by the court as the attorney's fee in this case is not adequately supported by the record. The value of an attorney's fee is frequently difficult to estimate accurately. The judgment of a trial court in that regard will not be disturbed unless it is clearly erroneous.

The judgment is affirmed.