82–10 ROOSEVELT AVENUE, INC., Landlord, Appellant, *v.* IRVING SACHS et al., Copartners Doing Business as SACHS BROS., Tenants, Respondents.

Supreme Court, Appellate Term, Second Department, May 24, 1950.

*Victor Whitehorn* and *Jules Whitehorn* for appellant.

*Joseph J. Porte* and *Winfield De Witt* for respondents.

MEMORANDUM BY THE COURT. The trial court apparently misconceived the law as well as the theory upon which the case was tried. Landlord relied on the agreement of November 22, 1948, with the tenant's predecessor, King & King, Inc., which agreement purported to fix a reasonable rental for the premises. The decision, however, was predicated upon a ground not urged by either side, namely, that the parties were not authorized to fix

the rent by lease or other agreement because the tenants herein were not in possession of the demised premises prior to December 6, 1948, on which date they executed the existing lease.

Since the landlord did not attempt to sustain the rental on the basis of any agreement with the present tenants, it is patent that the decision rests upon an erroneous premise. The basic issue in the case is whether, under the circumstances disclosed, the successor tenants are bound by the alleged reasonable rental as fixed in the agreement with the former tenant. Failure of the court to consider this question necessitates a new trial. Additionally, landlord's offer to show that the rent paid was neither unjust nor unreasonable was improperly rejected. Proof of this character was, in any event, admissible to controvert the counterclaim for overpayment of rent. (*Sugrue* v. *Liftin* [App. Term, 2d Dept.], N. Y. L. J., Jan. 30, 1950, p. 365, col. 7; *Rose* v. *Williams Auctions Sales Corp.*, 79 N. Y. S. 2d 32.)

The final order and judgment should be reversed on the law and new trial granted, with $30 costs to landlord to abide the event.

COLDEN, J. (dissenting). I dissent in part from the determination arrived at by the majority. I vote to affirm the final order dismissing the landlord's petition on the merits. I agree that the judgment in favor of the tenants on their counterclaim should be reversed and a new trial ordered which should be limited entirely, however, to a consideration of the said counterclaim.

The purported reasonable rent agreement was a mere sham and a patent flagrant attempt to circumvent the emergency rent legislation. The law intends that a reasonable rent may be acceded to by a tenant with respect to his own occupancy. The statute never contemplated that a tenant might make such an agreement for a price where simultaneously therewith he agrees to vacate the premises almost immediately thereafter.

The Municipal Court has ample power to determine the *bona fides* of the reasonable rent agreement. (*Wilbiskey* v. *German Alliance Ins. Co.*, 90 Misc. 335; *Milella* v. *Simpson*, 47 Misc. 690; *Schollars* v. *Coghlan*, 54 Misc. 612; *Epstein* v. *Kaplan*, 150 Misc. 520; *DeVita* v. *Pianisani*, 127 Misc. 611.)

A new trial should be ordered to afford the landlord an opportunity to establish the reasonable rent of the premises in reduction or extinction of the tenants' counterclaim.

RUBENSTEIN and STEINBRINK, JJ., concur in memorandum by the court; COLDEN, J., dissents in memorandum.

**Final order and judgment reversed, etc.**