ALEXANDER v. VIDOOTZKY.

(Supreme Court, Appellate Term. March 12, 1906.)

1. VENDOR AND PURCHASER—CONTRACT—CONSTRUCTION—INDEPENDENT STIPU-
LATIONS.
A separate and independent agreement to take and pay for a policy of title insurance already ordered by the vendor, though incorporated in a contract for the sale of the property, does not make the amount so to be paid part of the consideration for the property.

2. EVIDENCE—PAROL EVIDENCE SHOWING FRAUD.
Defendant, making a contract for the purchase of property, agreed to take a policy of title insurance already ordered by plaintiff, and agreed to pay the title company's charge, which plaintiff stated was a certain sum, and defendant gave a check for such sum. Held, in an action on the check, that defendant could show that he was led to make a promise thus absolute in form in consequence of a false representation as to what the title company's charge would be.

3. COURTS—MUNICIPAL COURTS—JURISDICTION.
Permitting defendant to make such showing did not involve any question of the assumption of equitable jurisdiction by the Municipal Court.
Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Louis Alexander against Joseph Vidootzky. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

H. & J. J. Lesser, for appellant.
Abraham M. Pariser, for respondent.

SCOTT, P. J. I do not consider that defendant's agreement to pay for the policy of title insurance constituted the amount thus to be paid part of the consideration for the property. Although incorporated in the contract of sale, it was a separate and independent agreement. Although the action is upon the check, the defendant had the right to call in question the consideration upon which the check was given, and although the agreement to pay $260, as written in the contract, was absolute, the defendant should, I think, have been permitted to show that he was led to make a promise thus absolute in form in consequence of a false representation as to what the cost would be. The defendant's position is that he agreed to take a policy of insurance already ordered by plaintiff; that he agreed to pay the title company's charge; that plaintiff stated that that was $260; that in reliance upon that statement he made the agreement, absolute in form, to pay $260; and that in fulfillment of that agreement he gave the check sued upon. He says further that the title company's charge was less than $260, and that plaintiff knowingly misstated the fact.

I think that defendant should have been permitted, if he could, to prove the fraud. This would not involve any question of the assumption of equitable jurisdiction by the Municipal Court. Milella v. Simpson (Sup.) 94 N. Y. Supp. 464.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

GREENBAUM, J., concurs.

GIEGERICH, J. (dissenting). I cannot concur in the view that the agreement to take and pay for the policy of title insurance is not a part of the entire contract. Shenk, the owner of the property, had applied for such insurance, and had made it a condition of the sale that the defendant should take that policy off his hands, and pay therefor the amount specified in the contract. The check for that amount was given, not to Shenk, but to the plaintiff, who was not a party to the contract. Had the action been brought by Shenk, and had the defendant counterclaimed for damages for fraud, instead of pleading, as he did, that he had received no consideration for the check, and asking that the complaint be dismissed, then the proof might have been admissible. Such counterclaim for damages would have been consistent, being based on the theory of affirming the contract while claiming damages for the fraud in inducing it. Even if this judgment is affirmed, the defendant is not without remedy. He can still recover from Shenk, the man he dealt with, the damages suffered through Shenk's fraud.

The judgment should be affirmed, with costs.