Karolyne Geller, Appellant, *v.* Kings County Mort-
gage Company, Respondent.

(Supreme Court, Appellate Term, Second Department, December,
1916.)

Title — contracts for sale of real estate — deeds — actions — when
judgment for dismissal of complaint on the merits reversed.
Municipal Court of city of New York — when equitable defenses may be
pleaded — jurisdiction.

> Equitable defenses may be pleaded in actions brought in the
> Municipal Court of the city of New York though it is not a
> court of equitable jurisdiction but facts so pleaded must be in
> and of themselves a defense.
> Shortly before the date fixed in a contract between plaintiff
> and defendant for the sale of certain real estate plaintiff's attor-
> ney informed defendant by letter that a deed in his chain of
> title contained an erroneous description so that it conveyed
> twenty feet less than was apparently intended.   The date set
> for closing title having been adjourned from time to time in
> order to enable defendant to procure a correction deed the
> purchaser, plaintiff herein, appeared at the time and place
> fixed for the closing of the title, tendered the balance of the
> agreed purchase price and demanded a deed of the premises
> refusing to grant defendant's request for further time in which
> to secure the correction deed, and defendant having within ten
> days thereafter obtained said deed immediately informed plain-
> tiff and offered to complete the sale.   Held, that in an action
> brought in the Municipal Court to recover the amount of a
> deposit paid upon the signing of the contract the facts above
> set forth pleaded as a defense were not a bar to a recovery
> until a court of equity had relieved defendant from the conse-
> quences of his own breach of the contract, and that a judgment
> for the dismissal of the complaint on the merits will be reversed
> and a new trial ordered.

Appeal by the plaintiff from a judgment of the Mu-
nicipal Court of the city of New York, borough of
Brooklyn, first district, rendered in favor of the de-

fendant, by the court without a jury, dismissing the complaint on the merits.

Forrest S. Chilton, for appellant.

Celand & Kuhn, for respondent.

JAYCOX, J.   The appellant and respondent entered into a contract on the 18th day of November, 1915, for the sale of certain premises in the borough of Brooklyn.   The date fixed in said contract for the closing of title was January 3, 1916.   Upon the 21st of December, 1915, the appellant's attorney wrote to the respondent company informing it that a deed in the respondent's chain of title contained an erroneous description, so that it conveyed twenty feet less than it was apparently intended to convey.   The respondent upon receiving this letter decided that it would be necessary to secure a correction deed.   Upon the date set for closing, the closing was adjourned to January 17, 1916.   On January seventeenth, the correction deed had not been procured and the closing was again adjourned to February first to permit the defendant-respondent to procure the necessary correction deed.   On February 1, 1916, the purchaser, the appellant herein, appeared at the time and place fixed for the closing, tendered the balance of the purchase price provided for in the contract, and demanded a deed of the premises.   This deed was not delivered — the defendant-respondent asking for further time in which to secure the correction deed, but the plaintiff-appellant refused to grant the same.   The correction deed was obtained February ninth and on February tenth the defendant company wrote to the plaintiff-appellant informing her of this fact and offering to complete the sale.   This action was then brought to re-

cover $300 paid as a deposit upon the signing of the contract. The defendant-respondent pleaded the facts as above set forth as a defense.

The court below has awarded judgment in favor of the defendant, on the merits, with costs. I am of the opinion that the facts pleaded cannot be set up as a defense in the Municipal Court, nor, in fact, as a *defense* in any court. Equitable defenses may be set up in the Municipal Court, notwithstanding it is not a court of equitable jurisdiction. *Alexander* v. *Vidootzky,* 49 Misc. Rep. 471; *Queensborough Gas & Electric Co.* v. *Schoncke,* 76 id. 190; *Pelgram* v. *Ehrenzweig,* 51 id. 31; *Smith* v. *Hildenbrand,* 15 id. 129; *Richards* v. *Littell,* 16 id. 339; *Malkemesius* v. *Pauly,* 17 id. 371; *Schollars* v. *Coghlan,* 54 id. 612. These facts must, however, be a defense in and of themselves. That is not so in this case. These facts do not constitute a bar to plaintiff's recovery until a court of equity relieves the defendant from the consequence of its own breach of the contract. This a court without equitable powers cannot do. The situation it leaves the parties in goes far toward showing that a court without equitable powers cannot entertain such a defense and accomplish either justice or equity. The defendant has the plaintiff's money and is to be permitted to keep it, not by reason of any wrongdoing on plaintiff's part, but by reason of the defendant's own breach of the contract. The plaintiff can neither obtain her money nor the property because she insisted upon the defendant performing its contract and the defendant could not perform. Under no view of the case can the defendant keep the plaintiff's money and give her nothing for it. A court of equity may relieve the defendant from the consequences of its breach of the contract but it will only do so when it determines

that that relief may be awarded to it without injury to the plaintiff. If the situation of the parties or the value of the property has changed so that the defend-. ant cannot be given relief without injury to the plaintiff, equity will decline to interfere. The situation is of the defendant's own creation and it can be relieved from it only when that relief will work no injury to the plaintiff. As a court without equitable powers cannot mould its relief to meet the equities as they shall be found to exist, it cannot take cognizance of these facts as a defense. Courts without equitable powers can take cognizance of equitable defenses only when the enforcement of that defense will require no affirmative action by the court. That is not the case here because the defendant must be relieved of its default, otherwise the plaintiff is entitled to recovery.

That brings me to the question as to whether the facts pleaded constitute a defense or not. There would, I think, be no contention that they do if the distinction between a defense and a counterclaim was always kept clearly in mind. I have no doubt they are often denominated defenses in pleadings and that designation passes unchallenged, but it will, I think, be found that they are coupled with a prayer for affirmative relief and therefore, not defenses, but counterclaims. In a comparatively recent case (*Weinheimer v. Ross*, 205 N. Y. 518), Judge Willard Bartlett, speaking for the Court of Appeals, designates them as " an equitable counterclaim for specific performance " and that is what they are — not a defense.

One of the cases cited by the defendant-respondent to show that the Municipal Court has jurisdiction of a " defense " of this character, is *Richards* v. *Littell*, 16 Misc. Rep. 339. That was an action for use and occupation and the defendant set up as a defense and

counterclaim that he entered into possession of the premises under a contract for the sale and conveyance of the premises to him from the plaintiff and demanded judgment for specific performance. It was held that the matter pleaded could be entertained as a defense but not as a counterclaim. The distinction between that case and this is: in that case the defendant did not seek the interposition of equity to relieve him of his own default, and in this case he does.

CLARK and BENEDICT, JJ., concur.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant.