MARK HARRIS, Respondent, *v.* WILLIAM C. EAKINS and EDWARD T. CRAWFORD, Defendants, Impleaded with WILLIAM E. D. STOKES, Appellant.

Fourth Department, May 3, 1922.

**Bills and notes — action on note against individuals comprising corporation — defenses of usury and payment — plaintiff could not escape defense of usury by claiming on trial that loan represented by note was to corporation — error for court to charge jury that they might so find — evidence — parol evidence not admissible to vary written contract — plaintiff could not sell stock held as collateral to note without accounting for same — attempted cross-examination of party as to personal matters improper.**

In an action on a promissory note against the individuals comprising a corporation, the note being signed by one of the individuals and indorsed by the others, wherein the defenses were usury and payment, the plaintiff having brought the action on the individual liability of the defendants could not escape the defense of usury by claiming on the trial that the loan represented by the note was in fact made to the corporation, as he was bound by the terms of the note and his complaint, and, hence, it was error for the court to charge the jury that if they found that the loan was intended as a loan to the corporation, the defense of usury failed.

A party cannot make proof of a parol agreement preceding or accompanying the execution of a written contract for the purpose of establishing a different obligation from that contained in the written contract, when the contract

17

covers the entire relations of the parties, since this would result in varying and contradicting by parol the provisions of an instrument whereby the parties have fully and absolutely expressed their engagements.

*It seems*, that if plaintiff sold stock held by him as collateral to the note, the defendants were entitled to have the proceeds credited on the note, although plaintiff produced certificates for the number of shares pledged but not the same certificates as those originally pledged, as plaintiff could not legally retain the money received from such sale, and then later, when the stock had declined in value, cancel his obligation by tendering other certificates for the same number of shares.

*It seems*, that it is improper for counsel upon cross-examination of a party to inquire concerning his personal affairs and such conduct is not justified by the misconduct of his adversary.

APPEAL by the defendant, William E. D. Stokes, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 10th day of February, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of May, 1921, denying said defendant's motion for a new trial made upon the minutes.

*Hastings & Gleason* [*Simon Fleischmann* and *Martin Clark* of counsel], for the appellant.

*Dirnberger & Moore* [*James O. Moore* of counsel], for the respondent.

DAVIS, J.:

The action is brought on a promissory note signed by the defendant Eakins and indorsed by defendants Stokes and Crawford. Stokes, the only defendant served, interposed the defenses of usury and payment. The plaintiff has a verdict in his favor.

The defendants comprised a syndicate engaged in promoting a highly speculative venture known as the Kentucky Producers and Refiners Corporation, organized to drill for oil in lands leased in Kentucky and Mexico. The plaintiff was a broker engaged in making sales of the stock. Defendants sought to obtain a loan from him which they proposed to use in drilling on property of the corporation. The loan was obtained, the note was made and renewed, and when the renewal note was not paid this action was brought to recover thereon.

On the trial the plaintiff, in order to escape the charge of usury, alleged that the loan was made to the corporation, and that it being the actual debt of the corporation, the defense of usury might not be raised.

In presenting the issue to the jury the trial court charged as follows: " The point is raised here that this money was loaned to these people for the purpose of drilling wells, that it was in fact a loan to the corporation, that these men practically were the.

corporation. * * * Now, of course, if that loan was to the corporation * * * then the defense fails because a corporation cannot raise the defense of usury. * * * If you come to the conclusion that this was intended as a loan to the company and the continuing note, when it was renewed, then, of course, the defense fails and the plaintiff will be entitled to his verdict."

To this the appellant's counsel duly excepted and requested the court to charge: " As a matter of law the obligation and indebtedness created by and represented by the note cannot be regarded as an obligation of the corporation, directly or indirectly, and that the provisions of law depriving a corporation of the defense of usury is not applicable to the obligation in suit here, or to the facts in this case." The request was denied and an exception taken.

We think it was error to submit this question to the jury. The loan was made on the individual credit of the defendants. What they proposed to do with the money was of no concern to plaintiff. It does not appear that the executive officers or directors of the corporation negotiated the loan from the plaintiff or obligated the corporation to pay it. The plaintiff has not sued for money had and received by the corporation, or on any obligation by which it was held as an undisclosed principal, or on any other theory; but has brought his action on the note itself and on the individual liability of the defendants to him as the maker and indorsers thereof. He must now be bound by the terms of the note and of the cause of action set up in his complaint, and not by the terms of another contract he might have made or one contrary to the one sued on, which he on the trial claims was made. A party cannot make proof of a parol agreement preceding or accompanying the execution of a written contract for the purpose of establishing a different obligation from that contained in the written contract, when the contract covers the entire relations of the parties, since this would result in varying and contradicting by parol the provisions of an instrument whereby the parties have fully and absolutely expressed their engagements. (*Studwell* v. *Bush Co.*, 206 N. Y. 416.) As was held in *Thomas* v. *Scutt* (127 N. Y. 133): " To bring a case within the rule admitting parol evidence to complete an entire agreement of which a writing is only a part, two things are essential: *First*, the writing must not appear upon inspection to be a complete contract; *second*, the parol evidence must be consistent with and not contradictory to the written instrument."

The appellant alleged that the plaintiff had sold and transferred a portion of the stock plaintiff claims was collateral given as security for the note, but had given no credit therefor as payment. The evidence is not clear as to what sums, if any, were received on

such sales. The plaintiff produced and tendered with the note certificates for the number of shares of stock pledged with him as collateral, but they were not the same certificates as those originally pledged. If he actually sold the stock held as collateral to the loan, then the defendants were entitled to have the sums received from the sale credited on the note, less the reasonable expenses of the sale. The plaintiff could not legally retain the money received for the sale of such stock held by him as collateral, and then later when the stock had declined in value or become worthless, relieve himself from liability by tendering other certificates of stock for the same number of shares.

As there is to be another trial on which other or different evidence may be offered, it is unnecessary at this time to pass upon the other questions raised upon the appeal; except that we desire to indicate that we regard the cross-examination or attempted cross-examination of the defendant as to his matrimonial difficulties, divorce suits and experiences with chorus girls as not pertinent to the issue, and improper and prejudicial. Where upon a close question of fact before a jury counsel resorts to such methods to win a verdict, he does it with the knowledge that he imperils the verdict which he thus seeks. (*Graham* v. *Graham*, 142 App. Div. 131; *National Supply Co.* v. *Jebb*, Id. 256.) Counsel may not justify such conduct on the ground that his adversary also offered or attempted to offer improper evidence during the trial. Neither in legal procedure nor in morals do two wrongs make a right.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed upon the law and new trial granted, with costs to appellant to abide event.