In the Matter of the Application of ABRAM M. ATLAS and Another, Respondents, for the Removal of ALLAN S. MORITZ, Appellant, from Certain Premises in the City of Niagara Falls.

Fourth Department, May 19, 1926.

**Summary proceedings to dispossess — proceeding based on non-payment of rent of theatre — denial of non-payment and counterclaim for amount deposited as security less one month's rent — respondents did not keep deposit intact but placed it in drawing account and used practically all of it — said deposit remained property of appellant — respondents converted deposit — lower courts not having full equity powers, rights of parties cannot be completely determined — lower courts possessed jurisdiction of counterclaim — final order of dispossession reversed and petition dismissed and judgment given for appellant on counterclaim.**

In a proceeding to dispossess the appellant, instituted in the City Court of Niagara Falls, in which it appears that the proceeding is based on the alleged non-payment of rent and that the answer denies the non-payment and sets up a counterclaim for the recovery of $5,000 deposited less one month's rent, the appellant is entitled to have the petition dismissed and to recover the balance of the deposit, since it appears that the deposit of $5,000 was made to secure the payment of rent and the performance of other conditions of the lease; that it was agreed that the respondents should hold the deposit and pay interest thereon; that the plaintiffs deposited the $5,000 in their business account in their bank and drew checks against it until the whole deposit, with the exception of $29.38, was used.

The deposit, under the terms of the lease, remained the property of the appellant, and was only available to the respondents in accordance with the provisions in the lease. Therefore the acts of the respondents in using the deposit constitute a conversion of the fund, and when the respondents converted the fund, even though they were financially able to restore it, the appellant became entitled to treat it as a setoff upon his obligation and to recover the balance which had been converted, and he was entitled to do so without demand.

Since neither the County Court of Niagara county nor the City Court of Niagara Falls has full equity powers, it is impossible in this case to determine completely the rights of the parties.

If the appellant continues in possession he will be obliged to keep the $5,000 on deposit with the lessors under the terms of the lease, for a decision in his favor in this case does not destroy that obligation.

The counterclaim by the appellant was within the jurisdiction of the courts below.

HUBBS, P. J., dissents, with memorandum.

APPEAL by Allan S. Moritz from a final order of dispossession, made by the County Court of the county of Niagara and entered in the office of the clerk of said county on the 17th day of November, 1925, and also from an order of said court entered in said clerk's office on the 19th day of November, 1925, denying appellant's motion for a new trial made upon the minutes.

*Cohn Chormann Franchot Runals & Robillard* [*Paul P. Cohen* of counsel], for the appellant.

*Watts, Hunt & Findlay* [*William L. Hunt* of counsel], for the respondents.

SEARS, J. The petitioners are the owners of a moving picture theatre in the city of Niagara Falls. On the 12th day of January, 1925, they leased the same to Allan S. Moritz for three years beginning February 1, 1925, at an annual rental of $16,000, payable in monthly installments of $1,333.33 in advance, with the privilege of a renewal for two further years on the same terms in case lessors were the owners of the property on January 1, 1928, and for approximately five further years at an increased rental in case lessors were the owners of the property on October 1, 1929. Under the lease, the lessee took possession of the theatre and of a going business. The lessee failed to pay in cash the month's rent which became due on the 1st day of July, 1925, and the lessors thereupon instituted this summary proceeding in the City Court of Niagara Falls for the possession of the property.

The answer filed by the lessee not only contained a denial of the allegation of the petition of the non-payment of the July rent, but also contained an affirmative defense to the effect that the July rent was paid. The answer further contained a counterclaim to the effect that the lessors had appropriated to their own use, in violation of the terms of the lease, $5,000, the property of the lessee, which had been delivered by him to the lessors. An affirmative judgment was demanded for such sum diminished by the amount of the July rent, namely, for the sum of $3,666.67 with interest. The pleadings contained other allegations which play no part upon this appeal.

In the City Court the lessors were successful and obtained an order for the removal of the lessees from the premises. Upon appeal to the County Court of Niagara county the case was retried and the lessors were again successful. The lessors were granted an order for the removal of the lessee and the lessee's counterclaim was rejected.

The lease contained the following provisions:

" And said party of the second part agrees to pay to the parties of the first part the annual rental of Sixteen Thousand Dollars ($16,000) to be paid in equal monthly installments of $1,333.33 in advance on the 1st day of each and every month, the party of the second part agreeing on or before the taking effect of this lease, to, in addition to said first month's payment, pay to the party of the first part the sum of $5,000.00 which sum shall be held by

the parties of the first part in escrow as security for performance of this lease and every condition thereof and shall apply to the last months' rent of the term herein, on the conditions hereinafter set forth. * * *

" In case the party of the second part shall violate the covenant not to underlet or assign or to use the premises only for the purpose aforesaid, then the parties of the first part, in addition to terminating the lease as heretofore provided, may also retain the deposit of $5,000.00 as liquidated damages for the violation of said covenants or either or any of them and may recover an additional sum equal to the amount of six months rent of said premises as herein reserved, as stipulated and liquidated damages and not as a penalty * * *.

" *It is further understood and agreed,* that the deposit of $5,000.00 shall be for the purpose of securing the parties of the first part for the faithful performance by the party of the second part of any and all of the terms and conditions of this lease and that the deposit thereof shall not be set up or used by the party of the second part as a defense or counterclaim to any action or summary proceeding brought under this lease except for the last two months' rent of said term.

" The parties of the first part agree that they will hold said $5,000.00 as such security and will pay to the party of the second part interest thereon at the rate of four per cent annually to be paid semi-annually during the term of this lease, except for the last two months of said term."

When the sum of $5,000 was paid by the lessee to the lessors, a receipt was given by the lessors in the following words:

" *January 28th,* 1925.

" Received of Allan S. Moritz, Five thousand ($5,000.00) Dollars to be held by us in escrow as security for the performance of the covenants of lease, according to the terms and conditions thereof, for the Lumberg Theatre, Niagara Falls, made and executed the 12th day of January, 1925, by the undersigned and the said Allan S. Moritz.                               A. M. ATLAS,
                                          " MARY ATLAS."

When at the end of April, 1925, the lessee wrote to one of the lessors in respect to the interest on the sum of $5,000 one of the lessors replied as follows:           " NIAGARA FALLS, N. Y.

" MR. ALLAN S. MORITZ,                        " *April* 29, 1925.
          " c/o Lumberg Theatre,
                    " City:

" DEAR SIR.— With reference to your letter of April 28th, regarding the $5,000.00 security which I hold, there is no interest

due you on this amount as yet. You gave me the check ($5,000.00) in the latter part of January, and quarterly interest starts January 1st. Therefore do not deduct the $50.00 which you claim as interest. The first quarterly interest due you will be in July. I do not receive any interest from the bank until then.

" Very truly yours,<br>" A. M. ATLAS."

The record also contains a stipulation that one of the purposes of the " deposit in escrow " and " in that form " was to protect the lessee against any possible future bankruptcy of the lessors or either of them.

In lieu of common-law proof of the defendant's case, it was stipulated that the sum of $5,000 upon its receipt by the lessors was deposited by them in a bank in a business account of one of the lessors and that from time to time checks were drawn upon this account and the account was reduced by such checks so that on the 27th day of June, 1925, the total credit balance of such account was $29.38.

The first question that arises relates to the character of the $5,000 payment. Did it become the property of the lessors upon payment, or did it continue the property of the lessee? The descriptive words in the lease relating to this sum are various. The sum is styled " security," " deposit," and is said to be given " as security " and " in escrow." These terms are used interchangeably. Despite the varying terms and the inappropriateness of the phrase " in escrow " but one conclusion in our opinion can fairly be drawn from the evidence, namely, that the sum was paid to the lessors as a fund continuing to belong to the lessee, but intrusted to the lessors to hold as security against defaults of the lessee in accordance with the terms of the lease, and finally, if not previously required to make good defaults of the lessee, to be applied in payment of the rent for the last months of the term. Unless used to compensate lessors for lessee's default, such sum was to be held by the lessors intact on deposit with some bank, until its application in payment of the rent for the last months of the term. (*Degnario* v. *Sire*, 34 Misc. 163; *People* v. *City Bank of Rochester*, 96 N. Y. 32.)

The deposit of the fund in the business account of one of the lessors and the reduction of such account to $29.38 was a conversion of the fund, the property of the lessees, to the extent of $4,970.62. (*Schuyler* v. *Littlefield*, 232 U. S. 707; *Squire* v. *Ordemann*, 194 N. Y. 394; *American Can Company* v. *Williams*, 178 Fed. 420; *Matter of Hallett*, L. R. 13 Ch. Div. 696.)

Had there been no conversion of the fund, the lessee would

not have been entitled to have any part of such fund applied upon his rent or to maintain a counterclaim to recover its possession. This is not only the express provision of the lease but in the absence of such claim the lease would be so construed. The lease contained the usual clause that should the lessee be dispossessed, the lessors might thereafter lease the property for the unexpired balance of the term as the agents of the lessee and charge him with any deficit in the rent. The $5,000 could have been held as continuing security for such future obligations. The right of the lessors in these respects, however, presupposes their compliance with the obligation to maintain the fund unimpaired. When they converted the fund, even though they were financially able to restore it, the owner of the fund, namely, the lessee, became entitled to treat it as a set-off upon the lessee's obligation and to recover the balance which had been converted. (*Cutting* v. *Marlor,* 78 N. Y. 454; *Harris* v. *Eakins,* 201 App. Div. 257; *Small* v. *Housman,* 208 N. Y. 115.)

In case of a conversion of funds by a bailee or other person rightfully in possession, no demand is necessary as a condition precedent to the owner's right of action. (*Mullen* v. *Quinlan & Co.,* 195 N. Y. 109; *MacGlashan* v. *Marvin,* 185 App. Div. 157.)

As neither the County Court of Niagara county nor the City Court of Niagara Falls has full equity powers, it is impossible in this case to determine completely the rights of the parties. If the lessee continues in possession under the lease, his obligation to keep the $5,000 deposit with the lessors also continues. A decision in his favor here does not destroy this obligation and in a proper action, the lessee will doubtless be compelled to restore the deposit to the lessors. Possibly safeguards may be imposed against its use by the lessors for purposes unconnected with the objects for which the deposit was agreed to be held. (*Carrier* v. *Carrier,* 226 N. Y. 114.)

The counterclaims were within the jurisdiction of the courts below. (Civ. Prac. Act, § 1425; *Broadway & 94th Street, Inc.,* v. *C. & L. Lunch Co.,* 116 Misc. 440; revd. on another point, 119 id. 486; *Howard Iron Works* v. *Buffalo Elevating Co.,* 176 N. Y. 1.)

The order appealed from should be reversed on the law and the facts and a final order granted dismissing plaintiff's petition and providing that the lessee, Allan S. Moritz, recover of the petitioners the sum of $3,637.29 with interest thereon from the 27th day of June, 1925, with costs in all courts.

CLARK, DAVIS and CROUCH, JJ., concur; HUBBS, P. J., dissents in a memorandum and votes for affirmance.

HUBBS, P. J. (dissenting). I dissent and vote for affirmance. Both parties moved for a directed verdict. Therefore, all facts

in the case are resolved in favor of the respondents. The appellant is standing on the lease, insisting on his right to continue in possession under it. He is, therefore, bound by all of its terms. He has the right to have the $5,000 credited as provided in the lease but cannot recover the $5,000 and continue to hold under it. I do not think there has been a conversion of the $5,000 by the respondents. The lessee has not been deprived of his right to have it credited as provided in the lease.

Final order and order denying motion for new trial reversed on the law and facts and final order granted, dismissing the petition and providing that the lessee recover $3,637.29 on his counterclaim, with interest thereon from June 27, 1925, with costs in all courts.