JONES *v.* WAYNE CIRCUIT JUDGE.

1. LANDLORD AND TENANT—LESSOR'S DUTY TO KEEP INTACT FUND DEPOSITED AS SECURITY.

   Where lessee under terms of long-time lease deposited fund with lessor as security for faithful performance of lessee's agreements thereunder, duty of lessor to keep fund intact depends on contract.

2. SAME—CONSTRUCTION OF LEASE—INTEREST—LANDLORD'S RIGHT TO USE SECURITY.

   Fair construction of terms of lease requiring lessor to pay interest on fund deposited with him by lessee as security for faithful performance of his agreements thereunder is that lessor is entitled to use of fund.

3. SAME—RESCISSION OF LEASE.

   Failure of lessor to keep intact fund deposited with him by lessee as security for faithful performance of lessee's agreements thereunder does not constitute ground for rescission of lease by lessee, where lessor is required to pay interest on said fund.

4. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.

   Plaintiff's motion for summary judgment should have been granted where it appears that averments in defendant's affidavit of merits, even if true, would not constitute defense to plaintiff's cause of action.

Mandamus by Henry Kirkland Jones, Jr., to compel Victor D. Sprague, acting Wayne circuit judge, to grant a motion for summary judgment in an action to collect rent. Submitted January 6, 1931. (Calendar No. 35,399.) Writ granted February 27, 1931.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Prentis, Fitch & Carpenter,* for defendant.

Fead, J. Plaintiff moved for summary judgment on a claim for rent due on a 99-year lease, from March to September, 1930, inclusive, at $1,250 per month. The motion was supported by affidavit that defendant had admitted the sum owing and conceded he had no defense. Defendant pleaded the general issue, with notice of two special defenses discussed below. His affidavit opposing summary judgment did not controvert the claimed admissions by him but denied liability solely on the ground of his special defenses.

The first special defense was that, under the lease, the claim for rent must be submitted to arbitration. This defense is so completely devoid of merit that discussion of it is unnecessary.

The second special defense was that, with the filing of the plea, defendant had rescinded the lease. When the lease was executed, defendant "paid to and deposited with" the lessors $2,083.34, to be held—

"by lessors as security for the faithful performance by lessee of his covenants and agreements hereunder until the completion of the new building, free of liens, in the manner and time required by clause 14 hereof; at which time said balance, with interest at the rate of four per cent. per annum from the date of such deposit shall be credited by lessors upon the rent next thereafter falling due hereunder. In case of any deposit by lessee hereunder at any time prior thereto, lessors shall have the right to apply said balance to any damages suffered by them by reason of such default."

The lessors agreed to hold and dispose of the deposit as provided in the lease. Defendant averred

that plaintiff, who was an original lessor and subsequently acquired full title, had not kept the deposit intact, and, because of such failure, defendant had rescinded the lease and plaintiff was entitled to recover nothing on the rent.

We need not determine whether the deposit is to be called a bailment, 36 C. J. p. 303; a security, *Moskin* v. *Goldstein,* 225 Mich. 389; a pledge, *In re Frey,* 26 Fed. (2d) 472; a debt, *In re Banner,* 149 Fed. 936; an indemnity, *In re Sherwoods, Inc.,* 127 C. C. A. 304 (210 Fed. 754, Ann. Cas. 1916 A, 940); or in the nature of a trust, *Alumor Garage* v. *Stivers,* 128 Misc. Rep. 400 (218 N. Y. Supp. 683). The names given the funds in these cases were convenient terms used in declaring the rights under the circumstances rather than definitive or descriptive words determinative of the rights.

In no case cited has it been held that failure to keep the deposit intact is ground for rescission. The largest effect given such failure seems to have been to hold it a conversion of the fund, entitling the lessee to set it off against a claim for rent, but without discharging his obligation to renew the fund in accordance with the conditions of the lease if he retains possession. *Atlas* v. *Moritz,* 217 App. Div. 38 (216 N. Y. Supp. 490).

The duty of the landlord to keep the fund intact depends upon the contract. Here, the deposit was to be kept for an indefinite time and the lessor was chargeable with interest thereon. It can hardly be said that it was intended he should keep the fund idle at a loss to himself. The fair construction of the lease arising out of the lessor's obligation to pay interest is that he was entitled to use the fund pending its application to the lease purposes. *Colantuoni* v. *Balene,* 95 N. J. Eq. 748 (123 Atl. 743).

In either event, no principle has been suggested by counsel or occurs to this court which would justify the lessee in rescinding the lease for failure to keep the deposit intact, at least until the lessor fails to apply it as provided in the contract.

Failure to keep the deposit intact did not constitute ground for rescission by defendant. It appearing that the averments in defendant's affidavit of merits, even if true, would not constitute a defense to plaintiff's cause of action, summary judgment for plaintiff should have been entered.

The writ of mandamus will issue, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.