WHITTENBERG *v.* CARNEGIE.

1. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT.
   The mere existence of issues of fact is no bar to entry of summary judgment for defendants, if, upon resolving all such issues in favor of plaintiffs, the defendants would still be entitled to a judgment as a matter of law.

2. PRINCIPAL AND AGENT—AGENCY FOR DIFFERENT PRINCIPALS—KNOWLEDGE AND CONSENT.
   Agents who were exclusive representatives for corporation on a commission basis for work obtained for such corporation would not, as a matter of law, be entitled to commissions from defendants who obtained some of such work on a subcontract from the corporation through the efforts of plaintiffs, where it does not appear that both defendants and the corporation had knowledge of and had agreed to plaintiffs acting as agent for both and receiving a commission from each.

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 11, 1950. (Docket No. 38, Calendar No. 44,729.) Decided June 5, 1950.

Assumpsit by George R. Whittenberg and wife, doing business as United Industrial Service Company, against Dugal M. Carnegie and another, doing business as D. C. Machine Company, for com-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleadings, § 342.
[2] 2 Am Jur, Agency, §§ 304, 305.
[2] Validity of contract by agent for compensation from third person for negotiating loan or sale with principal. 14 ALR 464.
[2] Employee's or agent's acceptance of bonus, gratuity, or other personal benefit from one with whom he deals on employer's or principal's account as affecting his right to recover wages, salary, or commissions. 102 ALR 1115.

mission claimed to be due. Summary judgment for defendants. Plaintiffs appeal. Affirmed.

*Walter M. Nelson,* for plaintiffs.

*George D. Haller* and *Charles H. King,* for defendants.

Dethmers, J. From summary judgment for defendants, plaintiffs appeal, contending that the pleadings and the affidavits supporting the motion for summary judgment and opposing affidavit of merits give rise to controverted questions of fact for determination by the court or a jury. The mere existence of issues of fact is, however, no bar to entry of summary judgment for defendants, if, upon resolving all such issues in favor of plaintiffs, the defendants would still be entitled to a judgment as a matter of law. *Jones* v. *Wayne Circuit Judge,* 253 Mich 515.

Plaintiffs' declaration alleges that defendants agreed to pay them 5 per cent. commission on the gross amount of invoices for centerless-grinding work to be done by defendants under subcontracts to be secured for them by plaintiffs; that plaintiffs did obtain such subcontracts for defendants, which the latter performed and on which they were paid in full; that defendants paid plaintiffs a small portion of the commissions due them thereon, but failed to pay a large sum still due plaintiffs on such commissions. Plaintiffs' bill of particulars specifies as a part of their claim, for which this suit is brought, a 5 per cent. commission on a $311,032.37 account obtained by plaintiffs for defendants from the B & E Machine Products Company.

Defendants' motion for summary judgment was based on the files and records in this cause and also on those in the same court in another cause in which

these plaintiffs brought suit against the B & E Company for a 5 per cent. commission on all its business during a part of the period involved in this suit. Attached to plaintiffs' declaration in that suit was a copy of an agreement between plaintiffs and the B & E Company under which the latter employed plaintiffs as exclusive sales representatives and agreed to pay them 5 per cent. commission on all invoices issued by that company covering any and all business transactions done by it, and further agreed that the basis for computation of such commission should include all business which that company procured and any and all business which it subcontracted. Plaintiffs' declaration therein alleged that in conformity with such agreement plaintiffs became the employees of the B & E Company as their exclusive sales representatives and as such obtained large and profitable orders for it and, in addition, for and in behalf of the B & E Company, subcontracted to others some of the work which it was unable to perform, so that the orders obtained by plaintiffs for it might be performed. Plaintiffs' affidavit of merits states in substance that the amounts charged by the defendants herein to the B & E Company for centerless-grinding work were added to the amounts billed by that company to the concerns from which it had received the orders and were paid by those concerns to the B & E Company.

Despite such issues as may have been developed by the claims and counterclaims and allegations contained in the affidavits of parties, the fact remains that, on the basis of plaintiffs' own sworn statements and pleadings in the 2 suits, we are confronted with a situation in which plaintiffs represented the B & E Company for the purpose of obtaining orders for it and of subcontracting, in its behalf, to others such portion of the work on those orders as the B & E Company was unable to perform, on all of which

business the B & E Company was under agreement to pay plaintiffs a 5 per cent. commission; a situation in which plaintiffs, while thus acting on behalf of the B & E Company in subcontracting some of the work in connection with its orders, in accord with the agreement between them, to the defendants herein, at the same time undertook to represent the defendants for the purpose of obtaining such subcontracts for them from the B & E Company and to charge defendants a 5 per cent. commission thereon. Plaintiffs' affidavit of merits does not allege that both companies, namely B & E Company and defendants, had knowledge of and had agreed to plaintiffs acting as agent for both and receiving a 5 per cent. commission from each. Under such circumstances, plaintiffs could not recover from defendants as a matter of law. 2 Am Jur, Agency, § 304; *Leathers v. Canfield,* 117 Mich 277 (45 LRA 33); *Pinch v. Morford,* 142 Mich 63; *Lister v. Sakwinski,* 206 Mich 121. The summary judgment for defendants was, therefore, proper and is affirmed, with costs to defendants.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.