Aron Steuer, J.
Plaintiff is a tenant and defendants the landlords. The lease is for a term beginning September 1, 1947 and ending November 30, 1968. The rental is $1,575,000 and the lease provides that it is payable $50,000 upon the execution of the agreement and $12,500 November 1, 1947 and a like sum every second month thereafter until the whole rent is paid.
The complaint alleges that the $50,000 above referred to is prepaid rent for the last eight months of the term. The complaint further alleges that this is the provision of the lease. It is not the provision of the lease and the allegation cannot stand in the face of the lease. No attempt is made to defend it. The complaint further alleges that the $50,000 has been *533 commingled with defendants’ other funds, that this is a conversion and recovery of the sum is sought. Defendants move to dismiss the complaint, first on the ground that it fails to state a cause of action and secondly on the ground that the Statute of Limitations is a bar.
There is no doubt that a lease may provide for payment of the rent in any manner or at any time that the parties elect. Section 233 of the Real Property Law provides that when money is deposited as security or to be applied to payments when due, such money is to be held in trust by the person receiving it. According to the provisions of this lease, the amount in question is neither security nor to be applied to payments when due. As long as the lease is the contract between the parties there can be no conversion.
The plaintiff argues that the lease fails to express the true agreement. If so the remedy is to correct it or if the failure is due to fraud, a rescission may be in order. Either of these remedies may be open to plaintiff. The complaint cannot be corrected to change the action into either of the foregoing.
The motion is granted.