Matthew M. Levy, J.
Defendants move pursuant to rule 103 of the Rules of Civil Practice to strike out paragraph Fourteenth of the complaint, together with Exhibit A referred to therein, as irrelevant and prejudicial; pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice to dismiss the complaint upon the ground of prior final judgment; pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice for dismissal of the complaint upon the ground of Statute of Limitations; or, if necessary, under rule 108 of the Rules of Civil Practice for a hearing with respect to either or both the pleas of res judicata and tardy commencement of suit.
Involved in the suit is a long-term lease signed October 28, 1947, commencing as of September 1, 1947 and expiring November 30, 1968, and which recites a net total rental of $1,575,000. The monthly rent would be $6,250. On signing the lease agreement, plaintiff tenant paid the defendant landlord $50,000. The lease provided that additional sums of $12,500 should be paid, once every two months, the first on November 1, 1947, until the full sum of $1,575,000 shall have been paid. It is obvious from a reading of the lease that, of the $50,000 originally paid, $12,500 thereof would be applicable to the two months of the term from September 1, 1947 to October 31, 1947 and $37,500 would apply to the end of the term.
In the prior action, also a suit upon the lease, it was alleged in the complaint that the $50,000 paid by plaintiff at the signing thereof was a security payment ” which, under section 233 of the Real Property Law, was to be kept in a trust fund by the lessor, that it had been commingled and, consequently, that plaintiff was entitled to the recovery of the $50,000 with interest. Defendants moved for summary judgment in their favor, which motion was granted by Mr. Justice Steuer. (7 Misc 2d 532.) Judgment was duly entered thereon dismissing the complaint on the merits, and it is that judgment upon which the plea of res judicata is based.
No doubt, as argued by plaintiff, the “ security ” for the performance of a lease, which may be the subject of conversion, may be obtained by the advance payment of rent, as well as by the regular monthly payment of rent with a deposit to assure performance when such payments become due. But, when the motion for summary judgment dismissing the prior action was granted, it was held that, “ according to the provisions of this lease, the amount in question is neither security nor to be applied to payments when due. As long as the lease is the contract between the parties there can be no conversion.” In response to the plaintiff’s argument that the lease failed to *1023 express the true agreement, my learned colleague said: “If so the remedy is to correct it or if the failure is due to fraud, a rescission may be in order.” (p. 533.)
In the present action, plaintiff has not attempted to adopt either of the suggested remedies — reformation or rescission. Instead, it again asserts illegality and again urges that the plain language of the lease be ignored. It still proceeds upon the alleged purpose and accomplishment of the lessor to take a security deposit, which was unlawfully commingled, and that therefore the defendant is obliged under the statute to return it. Plaintiff asserts that the purpose of wording the lease as it is — “ characterizing the prepaid rent as the initial installment of rent”, instead of a deposit of security under the lease — “ was to enable the defendant Nehama [the lessor] to avoid the legal obligation to hold the same in a separate trust fund.” (Par. “ Eighth ” of present complaint.) The law strikes down evasion; it does not condemn avoidance. There is no doubt that a lease may provide for payment of rent in any manner or at any time that the parties elect, and this is what the prior judgment determined was the situation in the present lease. Despite all of its casuist argument, plaintiff is still urging that the $50,000 was security — notwithstanding that the contract says it is not and that Judge Steuer said it is not. Plaintiff is therefore seeking to relitigate before me the issue which was already decided adversely to it. The principle of res judicata says that this it cannot do. And that principle is no less potent because the prior judgment invoked as a bar was based upon affidavits, pro and con, submitted in pursuance of the summary relief provided for in rule 113 of the Rules of Civil Practice.
The motion is granted under that branch of the application which seeks dismissal for prior judgment, and the remaining prayers for relief need not be passed upon. Settle order.