In the Matter of **DILBERT'S LEASING & DEVELOPMENT CORP.**, Debtor-Appellee,

J. J. Fourth Sales Corp., Petitioner-Appellant.

In the Matter of **DILBERT'S QUALITY SUPERMARKETS, INC.**, Debtor-Appellee,

J. J. Fourth Sales Corp., Petitioner-Appellant.

Nos. 415, 416, Dockets 29450, 29451.

United States Court of Appeals Second Circuit.

Argued April 1, 1965.

Decided May 11, 1965.

Ira J. Lefton, Jamaica, N. Y., for petitioner-appellant.

Daniel A. Shirk, New York City, and Joseph Jaspan, Brooklyn, N. Y., for debtor-appellee, Daniel A. Shirk and Daniel Waxman, New York City, on the brief.

Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.

PER CURIAM:

These two appeals, argued together, bring up for review an order made by Judge Abruzzo on October 21, 1964. The appellant, J. J. Fourth Sales Corp. had moved for an order directing the Trustees

in Bankruptcy of Dilbert's Leasing & Development Corp. and Dilbert's Quality Supermarkets, Inc. to pay it $3,333.34, contending that this sum was security money deposited under a lease between appellant as tenant and Dilbert's Quality Supermarkets, Inc. as lessor of premises in Huntington, New York, or, in the alternative, that the sum was an advance payment for the last month of the lease which ended August 31, 1972. The District Court held that the sum was not a security payment because it was not identifiable in the Trustee's hands, and that appellant was only a general creditor with respect to the last month's rent. There is no dispute as to the facts. They are stated in detail in Judge Abruzzo's opinion, 241 F.Supp. 672 and need not be here repeated.

We affirm the decision. Whether a lessee's advance payment of rent is subject to refund depends on the provisions of the lease. 3 Collier, Bankruptcy (14th ed.) § 63.33 [3]. Where, as here, the lease does not provide for holding advance rent as security, the landlord is free to mingle the advance payment with his own funds. See 34 West 34th St. Corp. v. Nehama Realty Corp., 7 Misc. 2d 532, 153 N.Y.S.2d 427 (1956), and his rights are only those of a general creditor. In re Banner, 149 F. 936, S.D.N.Y. If the lessee wishes to protect himself against the landlord's possible bankruptcy, he can provide as in Atlas v. Moritz, 217 App.Div. 38, 216 N.Y.S. 490 (1926), that the prepaid rent be held in a separate fund.

On the appeal the appellant has somewhat changed the position advanced in the District Court. He now concedes that as to $833.34 of the sum sought to be recovered he is a general creditor, and contends that as to $2500 there was a double payment of rent for June 1963. The contention is not meritorious. When the advance was paid to Dilbert's Quality Supermarkets, Inc. in July 1962, the sum became its property. Acceleration of the lease merely created a debtor-creditor relationship between Dilbert's Leasing & Development Corp. and appellant, J. J.

Fourth Sales Corp. The equities do not favor appellant as against the general creditors because the advance payment was made prior to the bankruptcy proceedings; to grant a preference where none is authorized by § 64 of the Bankruptcy Act would be unfair to the general creditors.

Order affirmed.