HOLE *v.* ERSKIN.

1. Judgment—Summary Judgment—Material Issues of Fact.
   Summary judgment may be granted when there are no material issues of fact to be decided (GCR 1963, 117.2).

2. Automobiles—Guest Passenger—Summary Judgment—Gross Negligence.
   Grant of defendant's motion for summary judgment at conclusion of plaintiff's opening statement in negligence action by guest passenger against defendant host driver *held,* proper, where facts viewed most favorably to plaintiff are not sufficient to support a finding of gross negligence (CLS 1961, § 257.401).

3. Judgment—Issues of Fact—Summary Judgment.
   The mere existence of issues of fact is no bar to entry of summary judgment for one party if, upon resolving all such issues in favor of the other party, the first party would still be entitled to a judgment as a matter of law (GCR 1963, 117.2).

Appeal from Montcalm; Bebeau (Leo B.), J. Submitted Division 3 November 2, 1965, at Grand Rapids. (Docket No. 481.) Decided May 24, 1966.

Declaration by Golden Ann Hole against Leon Erskin and others for injuries allegedly sustained when a car, in which plaintiff was a passenger, struck a tractor. Cause dismissed as to all defendants but Erskin by stipulation. Summary judgment

---

References for Points in Headnotes
[1] 41 Am Jur, Pleading §§ 340, 342.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 889.
   Propriety of granting summary judgment in case involving issue of gross or wanton negligence. 50 ALR2d 1309.
[3] 41 Am Jur, Pleading § 342.

for defendant at the close of plaintiff's opening statement. Plaintiff appeals. Affirmed.

*Robert L. Douglas* and *Goggin & Baker (Edward R. Goggin,* of counsel), for plaintiff.

*Dilley & Dewey (Newton Dilley,* of counsel), for defendant.

J. H. GILLIS, J. Plaintiff brought suit pursuant to the provisions of the civil liability act[1] for injuries sustained while a passenger in defendant's automobile, which was involved in a collision with a farm vehicle. Trial commenced on August 13, 1964, before the court without a jury. Since the issue in the instant case involves the granting of defendant's motion for summary judgment, the facts of the case are outlined as they were developed by plaintiff's attorney in his opening statement.

Defendant, 71 years old, was a frequent customer in the restaurant where plaintiff was employed as a waitress. On the night in question, August 9, 1961, defendant invited plaintiff to go for a ride with him to visit his daughter and son-in-law who lived in Littlefield, Michigan, approximately 35 miles from the restaurant. Plaintiff accepted. They visited defendant's relatives in Littlefield. On the return trip, at approximately 9:30 p.m., defendant drove over an incline in the road and saw a white light approximately 500 feet down the road. As the defendant proceeded down the hill he took his foot off the accelerator but didn't apply the brakes for a period of time. The light got brighter as he came closer to it so that he could not see ahead. He concluded that this light he saw was a "one eyed car." He could see the road immediately in front of him by holding

---

[1] CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101).

his hand up over his eyes. The light appeared to be on its own side of the road. When he was 3 car lengths away the defendant first saw the object under the light but could not identify it. He then knew it was on his side of the road. At this point he was traveling about 25 miles per hour. The defendant put on his brakes and swerved to the right but was unable to avoid striking the rear of the tractor, whereby plaintiff sustained the injuries for which damages are sought in the instant action.

At the conclusion of plaintiff's opening statement, the defendant moved the court for a summary judgment of no cause for action, contending that on the basis of the pleadings, depositions on file and the opening statement, there were no facts from which the court could find the defendant guilty of gross negligence.

The court granted the defendant's motion, stating that "if the facts were proved as stated in the plaintiff's opening statement, such facts would not constitute gross negligence."

Plaintiff appeals, contending that the trial court erred in granting the defendant's motion.

Summary judgment may be granted when there are no material issues of fact to be decided.[2] In the instant case the facts were considered by the court in the light most favorable to the plaintiff. The question the court then decided was whether the facts thus viewed were sufficient to support a finding of gross negligence. The court decided the facts were insufficient to support such a finding. In *Rogowski* v. *City of Detroit* (1965) 374 Mich 408, 416, the court quoted with approval from *Whittenberg* v. *Carnegie* (1950), 328 Mich 125, 126, to the effect that:

---

[2] GCR 1963, 117.2.—REPORTER.

"The mere existence of issues of fact is, however, no bar to an entry of summary judgment for defendant, if, upon resolving all such issues in favor of plaintiffs, the defendants would still be entitled to a judgment as a matter of law." (Citation omitted.)

Our Supreme Court, in reviewing recent cases concerning gross negligence, has stated:

"The thread which seems to run through all is a showing that the driver had an 'affirmatively reckless state of mind with intent to depart from careful driving.'" *Brooks* v. *Haack* (1965), 374 Mich 261, 265. (Citation omitted.)

In the instant case, the facts viewed most favorably to plaintiff are not sufficient to support a finding of gross negligence.

The judgment is affirmed. Costs to appellee.

HOLBROOK, P. J., and BURNS, J., concurred.