HULL *v.* TOWNSHIP OF GREEN OAK

JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT—EMINENT DO-
MAIN—HIGHWAYS.

> The mere existence of issues of fact is not a bar to the entry
> of summary judgment for the defendant if, upon resolving
> all such issues in favor of the plaintiffs, the defendant would
> still be entitled to a judgment as a matter of law; therefore,
> the trial court properly granted a summary judgment for a
> township in an action to declare null condemnation proceed-
> ings, in which the plaintiffs had not been named and in which
> an easement was sought by the township for a sanitary sewer
> lying wholly in a roadway, maintained by the county road
> commission and open to and used by the general public in
> excess of 25 years, because it was unnecessary, in such a situa-
> tion, for the township to seek condemnation of a part of
> plaintiffs' land (MCLA §§ 221.20, 247.183).

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 3 April 21, 1970, at Grand
Rapids. (Docket No. 7,620.) Decided June 2, 1970.

Action by Robert E. Hull and Helen I. Hull
against Township of Green Oak, a Michigan munic-
ipal corporation, to have condemnation proceedings
declared a nullity. Summary judgment for defend-
ant. Plaintiffs appeal. Affirmed.

*Douvan, Harrington & Carpenter,* for plaintiffs.

*Brennan & Bibeau,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur, Pleading § 340 *et seq.*

Before: T. M. Burns, P. J., and Fitzgerald and R. B. Burns, JJ.

Per Curiam. On September 12, 1967, plaintiffs purchased certain lots in the Township of Green Oak from Mary M. Shields. On April 3, 1968, the defendant filed a petition for condemnation in which an easement was sought by defendant for a sanitary sewer across a portion of one of plaintiffs' lots. The plaintiffs were not named in these proceedings and received no notice of the progress of these proceedings until January 21, 1969.

Plaintiffs then commenced an action against defendant asking that the circuit court declare the condemnation proceedings a nullity as to their land and to enjoin the defendant from entering upon their land to construct a sewer. The defendant answered and moved for a summary judgment in its favor alleging that there is no genuine issue as to any material fact. This motion was supported by an affidavit of the supervisor of defendant township who stated that the entire easement in question obtained by defendant lies wholly in and on a roadway maintained by the Livingston County Road Commission and is and has been open to and used by the general public for an excess of 25 years. Plaintiffs did not refute this statement in their opposing affidavit.

After a hearing, the trial court granted defendant's motion for summary judgment on the ground that there was no genuine issue as to any material fact.

On appeal, plaintiffs contend that the grant of summary judgment in behalf of defendant by the trial court was erroneous because there is a question of fact as to whether plaintiffs should have received notice of the condemnation proceedings.

The defendant has filed a motion to affirm pursuant to GCR 1963, 817.5(3).

Based on the affidavit submitted by defendant and the evidence extracted at the hearing of March 24, 1968, we think it is undisputed that the easement in question runs wholly in the public roadway. As a result, it was unnecessary for defendant to seek condemnation of a part of plaintiffs' land. See MCLA § 221.20 (Stat Ann 1958 Rev § 9.21). MCLA § 247.183 (Stat Ann 1958 Rev § 9.263); *Village of Grosse Pointe Shores* v. *Ayres* (1931), 254 Mich 58.

It is well settled that the mere existence of issues of fact is no bar to entry of summary judgment for defendant, if, upon resolving all such issues in favor of plaintiffs, the defendant would still be entitled to a judgment as a matter of law. *Whittenberg* v. *Carnegie* (1950), 328 Mich 125. Even if the admitted question of fact with respect to the condemnation proceeding is decided in favor of plaintiff, the undisputed fact that the easement lies wholly on a public road, requires that defendant be granted a judgment in its favor as a matter of law.

The question presented here on appeal is unsubstantial and requires no argument or formal submission.

The motion to affirm the decision of the trial court is granted.